**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC., | : | |
| | : | |
| | : | |
| | : | **Civil Action No. 11-4360 (SRC)** |
| Plaintiffs, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| OPRAH WINFREY, et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

      This matter comes before the Court on Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406, or alternatively to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) [docket entry 17]. Plaintiffs have opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendants' motion to transfer venue and will transfer this action to the United States District Court for the Southern District of New York. Insofar as the motion seeks dismissal of certain claims under Rule 12(b)(2), it will be denied as moot in light of the transfer. Insofar as it seeks dismissal under Rule 12(b)(6), the motion will be dismissed without prejudice.

## I.   BACKGROUND

Plaintiffs filed this trademark infringement action in the United States District Court for the District of New Jersey on July 29, 2011, asserting claims under the Lanham Act, 15 U.S.C. § 1501, et seq., and a number of state law theories of recovery.   Their claims arise out of Defendants' use of the phrase "own your power" in various instances in 2010.

Because the state of residence or primary business operations of the parties is a relevant fact in the Court's analysis of venue, the Court summarizes that information as follows:

Plaintiff Simone Kelly-Brown is a resident of the State of Florida. She is the sole owner and CEO of Plaintiff, Own Your Power, Inc., a Florida corporation with its principal place of business in Pembroke Pines, Florida.  (Kelly-Brown and Own Your Power, Inc. will be referred to collectively as "Plaintiffs.")  Defendant Oprah Winfrey, a well-known individual engaged primarily in the entertainment industry, is a citizen of the State of Illinois.  Defendant Harpo Productions, Inc., a multimedia production company owned by Winfrey, is an Illinois corporation with its principal place of business in Chicago, Illinois.  Defendant Harpo, Inc. is an affiliated entity also headquartered in Chicago.  Defendant Hearst Corporation is a Delaware Corporation with its principal place of business in New York, New York.  The Complaint identifies Defendant Hearst Communications, Inc. as having offices at the same headquarters address as Hearst Corporation.  Defendant Wells Fargo & Company ("Wells Fargo") is a United States financial services company headquartered in San Francisco, California.  Defendant Estee Lauder is an international beauty products company with its principal office in New York, New York.

Defendant Clinique Laboratories, LLC ("Clinique") is a wholly-owned subsidiary of Estee Lauder.  Defendant Chico's FAS ("Chico's") is a women's apparel company which is based in Florida and operates boutiques nationwide.

According to the Complaint, Plaintiffs have a federally registered mark consisting of the words "Own Your Power" in light blue scripted letters (hereinafter, the "Mark"). (Compl., ¶ 21 & Ex. A.)  They allege that Defendants unlawfully used the Mark as the headline on the October 2010 issue of O, The Oprah Magazine (the "Magazine").  Plaintiffs further allege that the Mark was used in connection with a single invitation-only event related to the October 2010 issue of the Magazine (the "Event").  The Event took place on September 16, 2010 at the Hearst Tower in New York, home to the Magazine's newsroom and editorial offices.  The Event was conducted by the Magazine and sponsored by Chico's, Clinique and Wells Fargo.  The other alleged acts of infringement also appear to stem from the Mark's use in the Magazine's October 2010 issue. Plaintiffs allege that the Mark was used unlawfully on a September 27, 2010 broadcast of The Oprah Winfrey Show, which promoted and displayed the Magazine's October 2010 issue; in the December 2010 issue of the Magazine, which recapped the Event; and on Defendant Harpo's websites promoting the Magazine and reporting on the Event.


II.   DISCUSSION

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins.

Co., 55 F.3d 873, 878 (3d Cir.1995).  Venue of federal court actions is governed by 28 U.S.C. §

1391.

The standard for proper venue depends on whether or not subject matter jurisdiction is

based solely on diversity of citizenship.  See 28 U.S.C. § 1391(a) & (b).  The Complaint states

that this Court has subject matter jurisdiction over this action based on federal question

jurisdiction, 28 U.S.C. § 1331.  The venue provision which applies in a federal question case

provides that the action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside
> in the same State, (2) a judicial district in which a substantial part of the
> events or omissions giving rise to the claim occurred, or a substantial part
> of property that is the subject of the action is situated, or (3) a judicial
> district in which any defendant may be found, if there is no district in
> which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The parties dispute whether venue is proper in New Jersey, taking contrary

positions as to whether a substantial part of the omissions giving rise to this suit occurred in this

state.  Plaintiffs emphasize the extensive marketing of the Magazine and distribution of The

Oprah Winfrey Show and the Harpo websites throughout the United States, including

Defendants' deliberate and active penetration into the New Jersey market. According to

Plaintiffs, the appearance of the Mark in publications and media directed to a nationwide market

which includes New Jersey makes New Jersey a venue which satisfies § 1391(b)(2).

The Court, however, need not conduct an extensive review of whether the District of New

Jersey constitutes a proper venue pursuant to 28 U.S.C. § 1391, as Defendants have moved for

transfer in the alternative under either § 1404(a) or § 1406.  For purposes of this motion, the

Court will assume that New Jersey may constitute an appropriate venue under § 1391(b) and

accordingly will determine whether to transfer venue according to the § 1404(a) standard.  Under this standard, the Court finds that the case should proceed in the Southern District of New York as a proper and more convenient venue.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer.  Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947); Jumara, 55 F.3d at 879.  "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J.1993) (citations omitted).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).  In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  This evaluation calls for this Court to balance various private and public interests related to the transfer. Jumara, 55 F.3d at 879.  In Jumara, the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as

5

manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose

elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial

condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually

be unavailable for trial in one of the fora); and (6) the location of books and records (only to the

extent that the files could not be produced in the alternative forum)." Id.  The public interest

factors are: (1) the enforceability of the judgment; (2) practical considerations that could make

the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora

resulting from court congestion; (4) the local interest in deciding local controversies at home; (5)

the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state

law in diversity cases.  Id. at 879-80.

> **A.    Private Interest Factors**

In this case, the Court's consideration of the first two private factors weighs in favor of

transfer to New York, a forum with a connection to the facts and principal alleged infringing

party.  While a plaintiff's choice of forum is typically given great weight in deciding a motion to

transfer venue, the plaintiff's choice deserves less deference when she has not chosen her home

forum. Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989); see also Piper

Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of

forum non conveniens, that plaintiff's forum choice deserves less deference when he has not

chosen his home forum).  Here, Plaintiffs have selected a foreign forum.  Though they chose to

file suit in New Jersey, both Plaintiffs are citizens of Florida.  Indeed, they appear to have no

connection to this state other than their selection of a New Jersey attorney to represent them in

this matter.  Moreover, a plaintiff's choice deserves little deference when the chosen forum has

little connection to the facts underlying the claims. See Wm. H. McGee & Co. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 290 (D.N.J. 1997).  Even though Plaintiffs have argued that substantial events underlying the suit occurred in New Jersey because the Magazine, television show and websites bearing the Mark received distribution in New Jersey, this connection to the facts does not place New Jersey in a superior position to the other 49 states in which Plaintiffs contend infringement also occurred in the same manner. Plaintiffs' choice of a foreign forum carries little sway, therefore, when balanced against Defendants' preference to transfer this case to New York.  New York, indeed, is the place where the core offices of many Defendants are located, including significantly Hearst, the Defendant which published the Magazine and hosted the Event.

The third private factor also militates in favor of transfer.  The "locus of the alleged culpable conduct" determines the place where the claim arose.  Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988).  Again, circulation of the Magazine in New Jersey and exposure of the websites and television show to a New Jersey audience does not necessarily make New Jersey the "locus" of the alleged trademark infringement, as compared with other states where these activities also occurred.

The fourth private factor constitutes, at best, a neutral consideration.  Plaintiffs are located in Florida, and apart from their choice of a New Jersey attorney, have demonstrated no personal convenience that would support keeping this case in New Jersey.  Indeed, neither financial considerations nor physical location would appear to pose a particular impediment to Plaintiffs' ability to litigate this action in the Defendants' preferred venue of the Southern District of New York, as Plaintiffs have demonstrated an ability and willingness to litigate in a

7

foreign venue in close proximity to New York.  In favor of Defendants' argument for transfer, the Magazine publisher, Hearst, is physically located in New York as are several of the other Defendants named in the Complaint, indicating greater convenience to Defendants in litigating this case in the proposed transferee district.

As for the fifth factor, Defendants argue that the convenience of the witnesses weighs heavily in favor of transfer because most of the witnesses concerning the alleged infringing activity are located in either New York or Chicago.  The Third Circuit has held, however, that convenience of witnesses is a factor to be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." See Jumara, 55 F.3d at 879.  Defendants have not identified any witnesses that could not be produced in the present forum, nor argued that some of these individuals would not be under the control of the parties to this action.  Moreover, insofar as any of these witnesses are in New York City, they would not appear to be beyond the reach of the subpoena power of this Court, which is located less than 20 miles from the Southern District of New York.  See Fed.R.Civ.P. 45(b)(2)(B) (providing that a subpoena issued by a district court "may be served at any place . . . outside that district but within 100 miles of the place specified for the deposition, hearing, trial production, or inspection").  Even so, the Court does note that Plaintiffs themselves have failed to identify any New Jersey witnesses with information relevant to their claims.  The convenience of the witnesses factor requires the Court to take into consideration the substance of the dispute and what bearing the testimony of such unavailable witnesses will have on the prosecution or defense of the claims.  Van Cauwenberghe, 486 U.S. at 528.  The Supreme Court has held:

> To examine "the relative ease of access to sources of proof," and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.

Id. (reviewing denial of motion to dismiss on forum non conveniens grounds and quoting Gulf Oil, 330 U.S. at 508).  According to the Complaint itself, the production of the Magazine and the Event, which together form the core of the infringement allegations, occurred in New York.  The broadcast and websites promoting the allegedly infringing Magazine issue are centered in Chicago.  Plaintiffs' operations are based in Florida.  There is no indication that the sources of proof related to Plaintiffs' claims are located in New Jersey or have a particular connection to this state.

The location of the books and records does not support New Jersey as the most convenient venue.  Plaintiffs' materials are in New Jersey solely by virtue of currently being stored at the office of Plaintiffs' counsel. There is no reason to conclude that they could not be made available in another forum.  See Jumara, 55 F.3d at 879 (noting that the location of books and records is a factor to be considered only "to the extent that the files could not be produced in the alternative forum.").

Defendants, in short, have demonstrated that there is simply no connection between Plaintiffs' choice of venue – New Jersey – and either the wrongdoing underlying this action or the parties against which they seek recovery.  The private factors, the Court finds, weigh in favor of transfer.

**B.      Public Interest Factors**

Perhaps even more so, the public interest factors drive this Court's conclusion that the Southern District of New York would be a more appropriate forum.  While most of the public interest factors are either neutral when comparing fora or actually are not applicable in the comparison, one of the factors predominates.  Practical considerations relating to the litigation of this case are brought to the forefront by Defendants' argument that Plaintiffs have failed to establish personal jurisdiction over several Defendants in this jurisdiction.  The Court need not reach that issue, in light of its conclusion that litigation of this matter should proceed in another venue.  Nevertheless, the personal jurisdiction dispute bears particular significance in the Court's assessment regarding venue.  The Third Circuit has held that where there is a bona fide dispute over the existence of *in personam* jurisdiction, the interests of justice are furthered by transfer of the action to another district in which the action could have clearly been brought.  Schwilm v. Holbrook, 661 F.2d 12, 16 (3d Cir. 1981); see also Societe Novelle Generale de Promotion v. Kool Stop Int'l, Inc., 633 F. Supp. 153, 155 (E.D. Pa. 1985) (following Schwilm and granting § 1404(a) transfer, reasoning that "[i]f the lack of *in personam* jurisdiction is in doubt, sound judicial administration requires transfer to a district where it clearly could have been brought.").

Here, the Court faces precisely the type of personal jurisdiction issue which may be avoided by transfer of the action to a venue where many Defendants are located.  None of the Defendants is a New Jersey resident or physically located in New Jersey.  Nevertheless, New Jersey's long-arm statute permits the exercise of jurisdiction over a non-resident defendant to the extent allowed by the Due Process Clause of the Constitution.  N.J. Court Rule 4:4-4(c); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); Fed.R.Civ.P. 4(k)(1)(A) (providing

that a federal court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  It is well established that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) ("the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.").  Defendants argue that several of the parties against whom Plaintiffs seek judgment lack sufficient minimum contacts with New Jersey to give rise to personal jurisdiction over them in this district.  In particular, Defendants have argued that the only contact between Winfrey and this jurisdiction, according to Plaintiffs' allegations, is that she, like all Defendants, actively promotes her services and/or products in New Jersey.  Defendants discount such an allegation as both conclusory and as insufficient to establish the existence of a contact out of which this suit arises and which could justify the exercise of personal jurisdiction.  As to other parties, Defendants argue that several of them are named merely for their corporate relationship to entities identified in the Complaint as actually involved in the alleged trademark infringement.  They point out that there is a complete absence of contacts between certain "peripheral Defendants" – meaning the corporate sponsors of the Event – and New Jersey.

In contrast, Defendants do not dispute that personal jurisdiction over Hearst, the party most directly accused of using the Mark in the Magazine and in connection with the Event, could be established in New York.  Indeed, all Defendants, by joining in this motion to transfer venue

11

pursuant to § 1404(a), contend that the Southern District of New York would be an appropriate forum in which to litigate this action and therefore necessarily concede that they would be subject to *in personam* jurisdiction in the transferee district.  Plaintiffs, the Court notes, do not oppose transfer on the basis that personal jurisdiction over any of the parties would be lacking in the Southern District of New York.

Defendants, in short, have raised a legitimate contest regarding this Court's personal jurisdiction over certain parties.  Given the parties' ability to litigate the claims in a venue where jurisdictional matters could be obviated, the resolution of the personal jurisdiction issue presented to this Court would cause the needless expense of the litigants' time and money as well as the Court's own resources.  A section 1404(a) transfer is a sound and fitting solution to this problem, as it would prevent wasteful litigation draining to both the private parties involved in this suit and to the public, which has an interest in the efficient and effective use of the courts.  Thus, practical considerations regarding the litigation of this action militate strongly in favor of transfer to the Southern District of New York.

"Transfer analysis under Section 1404 is flexible and must be made on the unique facts presented in each case." Wm. H. McGee & Co., 6 F. Supp. 2d at 288 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988)).  This case presents a situation in which neither the parties nor the facts have anything but the slightest and most insignificant connections to New Jersey.  Moreover, it presents questions about *in personam* jurisdiction, which call into doubt the parties' ability to obtain a speedy, full and final resolution of Plaintiffs' claims in the District of New Jersey.  For the reasons set forth above, the Court in its discretion finds that the case should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

12

**III.**   **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  To the extent the motion seeks dismissal of the claims pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of *in personam* jurisdiction, the Court will deny that portion of the motion as moot in light of the venue transfer to New York.  To the extent Defendants move for dismissal of claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted the Court will dismiss the motion without prejudice to Defendants' rights to seek such relief in the transferee district.  An appropriate form of Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: November 3, 2011

13