**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC.<br><br>                    Plaintiffs,<br><br>v.<br><br>OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, HEARST COMMUNICATIONS, INC., WELLS FARGO & COMPANY, ESTEE LAUDER COMPANIES, INC., CLINIQUE LABORATORIES, LLC, CHICO'S FAS, INC., ABC COMPANIES (1-100), and JOHN DOES (1-100)<br><br>                    Defendants. | Civil Action No. 11-cv-07875-PAC<br><br><br>**ECF CASE** |

**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax     (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

### TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

SUPPLEMENTAL AUTHORITIES ......................................................................................1

**II.**   Plaintiffs Have Named Several Improper Parties ....................................................1

**B.**   The Peripheral Defendants Should Be Dismissed ..............................................1

**III.**   Plaintiffs' Claims Should Be Dismissed on the Merits .........................................2

**A.**   The First Amendment Completely Protects the Magazine's Speech.................................3

**B.**   The Magazine Did Not Make a Trademark Use of the Phrase ..........................................3

**C.**   The Magazine's Use of the Phrase Was Fair Use...............................................................3

**D.**   The Magazine Has Not Trafficked in "Counterfeit" Goods .............................................4

**E.**   The State and Common Law Claims Are Purely Derivative.............................................4

CONCLUSION ......................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page**

*1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F 3d 400 (2d Cir. 2005).........................................3

*Ahlers v. Rabinowitz*, No. 08 Civ. 11091 (PAC),
        2010 WL 808773 (S.D.N.Y. Mar. 9, 2010) ........................................................2

*Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) ......................................2

*Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01 CV 11502 (GBD),
        2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004)...........................................................1

*Arnold v. ABC, Inc.*, No. 06 Civ. 1747 (GBD),
        2007 WL 210330 (S.D.N.Y. Jan. 29, 2007).............................................................3

*Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267 (2d Cir. 1995) .............................4

*Conradt v. NBC Universal, Inc.*, 536 F. Supp. 2d 380 (S.D.N.Y. 2008) ........................................3

*Croton Watch Co. v. Nat'l Jeweler Magazine, Inc.*,
        No. 06 CV 662 (GBD), 2006 WL 2254818 (S.D.N.Y. Aug. 7, 2006).................................3

*Edward B. Beharry & Co., Ltd. v. Bedessee Imports Inc.*,
        No. 09 CV 0077 (DLI), 2010 WL 1223590 (E.D.N.Y. Mar. 23, 2010) ............................3

*Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99 CIV 0807 (LAPDF),
        2001 WL 1442637 (S.D.N.Y.  Nov. 15, 2001) ....................................................2

*GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457 (S.D.N.Y. 2011).................................4

*In re IndyMac Mortgage-Backed Sec. Litig.*,
        718 F. Supp. 2d 495 (S.D.N.Y. 2010)................................................................2

*Int'l Film Serv. Co. v. Assoc. Producers*, 273 F. 585 (S.D.N.Y. 1921) .........................................3

*Johnson v. James*, No. 08 Civ. 00032 (PAC),
        2009 WL 777861 (S.D.N.Y. Mar. 25, 2009) ...................................................2

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996)................................................................2

*Wellnx Life Scis. Inc. v. Iovate Health Scis. Research Inc.*,
        516 F. Supp. 2d 270 (S.D.N.Y. 2007)..............................................................2

<u>**PRELIMINARY STATEMENT**</u>

On January 4, 2012, at a pre-motion conference, the Court indicated that it would hear Defendants' Motion to Dismiss based on the papers previously filed in support of their Motion to Transfer or in the Alternative Dismiss, which was filed in this action in the District of New Jersey on September 23, 2011 and resulted in the transfer of this case to this Court.  The Court also gave Defendants' leave to file supplemental authorities from within the Second Circuit. This memorandum identifies the remaining live issues discussed in Defendants' original motion papers and includes some supplemental authorities from within the Second Circuit, although the original papers also include such authorities on most points.

Because Judge Chesler granted the motion to transfer, the sections in the original papers concerning both transfer and personal jurisdiction are moot.  Accordingly, after the Preliminary Statement and Statement of Facts, which addresses the allegations in the Complaint and materials incorporated therein by reference, the first section of the original memorandum of law relevant to Defendants' Motion to Dismiss is Point II.B, which concerns the peripheral defendants improperly named by Plaintiffs.  Each of the following argument points is also still at issue.  The following supplemental authorities are organized under the point headings from the original memorandum.

<u>**SUPPLEMENTAL AUTHORITIES**</u>

**II.**      <u>**Plaintiffs Have Named Several Improper Parties**</u>

      **B.**      **The Peripheral Defendants Should Be Dismissed**

            •      Undifferentiated pleading – *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) ("A plaintiff fails to satisfy rule 8, where the complaint lumps all the defendants together and fails to

distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.") (quotations and alterations omitted)

- Parent corporation liability – *In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 508 (S.D.N.Y. 2010) (holding that "[a]s a general rule, a parent corporation is not liable for the acts of its subsidiaries" and granting motion to dismiss parent where complaint was "completely devoid of any factual allegations against [the parent] and fail[ed] to state a plausible claim for relief against it") (quotations and alterations omitted)

## III.   Plaintiffs' Claims Should Be Dismissed on the Merits

- Pleading standards generally – *Johnson v. James*, No. 08 Civ. 00032 (PAC), 2009 WL 777861, at *3 (S.D.N.Y. Mar. 25, 2009) (explaining that "bald assertions and conclusions of law will not suffice" to survive Rule 12(b)(6) motion) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996))

- Applicability of Rule 9 to Lanham Act claims – *Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99 CIV 0807 (LAPDF), 2001 WL 1442637, at *6 (S.D.N.Y.  Nov. 15, 2001) ("There is disagreement among the courts, and even within this Court, as to whether Rule 9(b) applies to claims brought under the Lanham Act."); *but see Wellnx Life Scis. Inc. v. Iovate Health Scis. Research Inc.*, 516 F. Supp. 2d 270, 283 n.2 (S.D.N.Y. 2007) ("Contrary to defendants' contention, Rule 8(a), Fed. R. Civ. P., and not Rule 9(b), Fed. R. Civ. P., applies to false advertising claims under the Lanham Act.")

- Materials to be considered on 12(b)(6) motion – *Ahlers v. Rabinowitz*, No. 08 Civ. 11091 (PAC), 2010 WL 808773, at *2 (S.D.N.Y. Mar. 9, 2010) (noting that, on 12(b)(6) motion, court may consider facts alleged, documents appended and incorporated by reference, and matters about which judicial notice may be taken) (citing *Allen v. WestPoint-Pepperell, Inc.*,

945 F.2d 40, 44 (2d Cir. 1991)); *Conradt v. NBC Universal, Inc.*, 536 F. Supp. 2d 380, 384 n.1

(S.D.N.Y. 2008) (finding DVD of television show that was the subject of the complaint to be

incorporated by reference); *Arnold v. ABC, Inc.*, No. 06 Civ. 1747 (GBD), 2007 WL 210330, at

*1 n.2 (S.D.N.Y. Jan. 29, 2007) (finding that materials alleged to infringe mark may be

considered on motion to dismiss even if not part of the complaint as they are "integral" to the

complaint)

### A.    The First Amendment Completely Protects the Magazine's Speech

- Dismissals on non-commercial speech grounds – *e.g.*, *Edward B. Beharry
& Co., Ltd. v. Bedessee Imports Inc.*, No. 09 CV 0077 (DLI), 2010 WL 1223590, at *8
(E.D.N.Y. Mar. 23, 2010) (granting motion to dismiss Lanham Act false advertising claim
because speech was not commercial speech); *Croton Watch Co. v. Nat'l Jeweler Magazine, Inc.*,
No. 06 CV 662 (GBD), 2006 WL 2254818, at *10 (S.D.N.Y. Aug. 7, 2006) (same)

### B.    The Magazine Did Not Make a Trademark Use of the Phrase

- Dismissal on non-trademark use grounds – *1-800 Contacts, Inc. v.
WhenU.com, Inc.*, 414 F 3d 400, 412-13 (2d Cir. 2005) (reversing grant of preliminary injunction
and directing dismissal of trademark claims based on lack of trademark use)

### C.    The Magazine's Use of the Phrase Was Fair Use

- Dismissal on fair-use grounds – *Arnold*, 2007 WL 210330, at *2-*3
(granting motion to dismiss trademark claim on fair use grounds where defendant's use of
trademarked phrase "What's Your Problem" in advertisements for television show was
"generically descriptive" of the theme of the show when viewed in context, only the three words
of the mark were used, defendant's own marks were featured in the advertisements, and
allegations of prior knowledge of mark by defendant were not sufficient to infer bad faith)

- Footnote 15 concerning the Third Circuit's possible limitation of fair use to descriptive marks is irrelevant as the Second Circuit has explicitly rejected any such limitation in *Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 269 (2d Cir. 1995).

**D.    The Magazine Has Not Trafficked in "Counterfeit" Goods**

- Counterfeiting elements – *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 471-72 (S.D.N.Y. 2011) (explaining that counterfeiting requires both "identical . . . or substantially indistinguishable" mark and "deceptive suggestion of erroneous origin" and noting that "it cannot be enough that one word used in the allegedly offending mark is the same, with no reference to font, color, typeface, or context")

**E.    The State and Common Law Claims Are Purely Derivative**

No supplemental authority.

## CONCLUSION

Defendants respectfully request that Plaintiffs' complaint be dismissed with prejudice, and that the Court grant Defendants' such other relief as it deems just.

Respectfully submitted,

s/ Jonathan R. Donnellan
Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax    (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

*Attorneys for Defendants*

Dated:  January 13, 2012

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on January 13, 2012, a true and correct copy of the foregoing Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

                                      _____/s/ Jonathan R. Donnellan_____
                                           Jonathan R. Donnellan