THE PLK LAW GROUP, P.C.
284 U.S. Route 206
Bldg. E Suite 10
Hillsborough, NJ 08844
Tel: (908) 431-3108
Fax: (908) 431-3109
Email: patricia@plklawgroup.com
*Attorneys for Plaintiffs Simone Kelly-Brown and*
*Own Your Power Communications, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, HEARST COMMUNICATIONS, INC. ABC COMPANIES 1-100 (names being fictitious), and JOHN DOES 1-100 (names being fictitious), <br><br><br> Defendants. | **Civil Action No.  1:11-cv-07875-PAC** <br><br> (ECF Case) <br><br> Hon. Paul A. Crotty, U.S.D.J. <br> Hon. James L. Cott, U.S.M.J. <br><br><br><br> **FIRST AMENDED VERIFIED COMPLAINT** |

Simone Kelly-Brown ("Kelly-Brown") and Own Your Power Communications, Inc.,

(hereinafter individually and collectively referred to as "Plaintiffs" or "Company"), by and

through their attorneys, The PLK Law Group, P.C., hereby say:

**NATURE OF THE ACTION**

1.     This action asserts claims for trademark infringement, reverse confusion, false

designation of origin, and unfair competition under the Lanham Trademark Act of 1946, 15

U.S.C. § 1051 *et seq.*; unfair competition pursuant to N.J. Stat. § 56:4-1; New Jersey common

law tortious interference with an economic advantage; and other claims asserted herein, each

1

arising from Defendants' unauthorized use of Plaintiffs' trademark, Own Your Power, under which Plaintiffs offer a personal brand of motivational and communication services.

2.    While continuously providing self-awareness and motivational communication services since 1996, Company originated a unique concept that manifests the thought and imagination that people can live their best lives by believing "anything you want in life is attainable." Company deliberately chose an inimitable combination of words to identify itself as the source for these services, designating an "o" for own, "y" for your, and "p" for power, and arranged three select words to create the Own Your Power word mark.  In her effort to help prevent confusion, Kelly-Brown petitioned the United States Patent & Trademark Office ("USPTO") to grant her exclusive ownership of the federally registered word mark, "Own Your Power" (Registration No. 3,434,419) (hereinafter referred to as the "Own Your Power Trademark" or the "Trademark"). *See* Exhibit A.

3.    Over time, Company has spent considerable time, money, and effort using the Own Your Power Trademark in connection with its services by way of broadcast media, print media, the Internet, and speaking engagements nationwide and throughout the world wide web and beyond. The goodwill generated by such use has been so expansive and diverse that the Trademark is widely recognized by the public as an indicia of source in connection with services such as the Own Your Power® Radio Show, the Own Your Power® TV Show, the annual Own Your Power® Biz Conference, the Own Your Power® Lifestyle Center, the annual Own Your Power® retreats and the upcoming Own Your Power® E-Magazine, among other successes.

4.    Despite Kelly-Brown's exclusive rights to use the Trademark, Defendants began use of the exact letters, words, and order of the Own Your Power Trademark in commerce, which were already registered and used by the Company, in order to identify and market Harpo,

Oprah, and other Defendants as advocates for individuals to "live [their] best life" through self-awareness and motivational communication, the same types services offered by Company under the Trademark. Defendants explicitly held themselves out as operating "in Partnership with" one another and waged a national, multimedia, cross-promotional campaign of willfully blind and deliberate use through multiple channels, including through the nationally distributed *O, The Oprah Magazine* (the "Magazine"), affiliated websites such as www.oprah.com and http://www.omagazine.info/ ("Websites"), Harpo's Twitter account, the internationally broadcasted *The Oprah Winfrey Show* and a celebrity panel event held on September 16, 2010 ("Own Your Power Event" or "Event") (hereinafter collectively referred to as the "Infringing Campaign" or "Campaign"), and as such violated Plaintiffs' exclusive rights as granted by the Lanham Trademark Act.

5.      Defendants' brazenly unlawful disregard for the existence and use of Company's Trademark and Defendants' subsequent and continued use thereof created both actual confusion and a likelihood of confusion as to the source and/or affiliation/sponsorship of Own Your Power Services as connected to the Own Your Power Trademark. Under such circumstances and with Defendants being much larger, spending more money, having a wider reach, and an overlapping audience as compared to the much smaller Company, particularly with one of the most influential women in the world at the helm of the Partnership and Campaign to destroy Company's goodwill, Plaintiffs have been irreparably harmed.

6.      Consequently, Plaintiffs seek damages, an injunction, and related relief.

## PARTIES

7.      Plaintiff Own Your Power, Inc. is a Florida company duly organized and existing under the laws of the State of Florida. Plaintiff Kelly-Brown is a Florida citizen and the sole

owner and CEO of Own Your Power, Inc. Company has provided a personal brand of self-awareness and motivational communication services nationally since 1996 by continuously advocating for people to take their life's dreams "to the next level."

8.    Defendant Oprah Winfrey ("Oprah") is an American television host, actress, and producer, and best known for her self-titled, Emmy-award winning talk show, *The Oprah Winfrey Show*. Oprah's show became the highest-rated program of its kind in history, was nationally syndicated from 1986 to 2011, and boasted more than 16 million viewers during its farewell show. Oprah is among the most influential women in the world. Upon information and belief, Oprah maintains residences in Illinois, New York, Hawaii, and California, among other places.

9.    Upon information and belief, Defendant Harpo Productions, Inc. is a Chicago-based, multimedia production corporation founded by Oprah, duly organized and existing under the laws of Illinois, and maintains its principal place of business at 110 North Carpenter Street, Chicago, Illinois 60607. Harpo Productions, Inc. includes within its network of affiliated or related entities Harpo Films, Harpo Radio, Inc., Harpo Studios, and Defendant Harpo, Inc. (collectively "Harpo").  The corporate headquarters for Harpo, including all service departments, such as Accounting, Human Resources and Technology that support the various business units, also operates out of offices at 110 North Carpenter Street, Chicago, Illinois 60607. Along with Oprah and Discovery Communications, Inc., Harpo also owns *OWN The Oprah Winfrey Network* and OWN, LLC (collectively "OWN").  OWN debuted in 2011 in more than 80 million homes, and is marketed as "the network of Self Discovery, connecting people to each other and to their greatest potential."

10.     Upon information and belief, Defendant Hearst Corporation is one of the largest diversified communications companies in the world, with offices at 300 West 57th Street, New York, New York10019. Defendant Hearst Communications, Inc. also operates out of offices at 300 West 57th Street, New York, New York 10019. Hearst Corporation and Hearst Communications, Inc. publish more than 300 magazines around the world through their magazine unit, Hearst Magazines, including *O, The Oprah Magazine*. Hearst Magazines Digital Media is a unit of Hearst Magazines launched in 2006 which oversees more than 28 websites and 14 mobile sites for brands including the digital magazine *O, The Oprah Magazine*, and has published more than 85 applications and digital editions for the iPad, iPhone and iPod Touch, as well as the Android platform, including *"O, The Oprah Magazine Interactive Edition"* (the aforementioned entities shall hereinafter be referred collectively as "Hearst").

11.     Defendants ABC COMPANIES 1-100 whose names are fictitious are, upon information and belief, liable for all or some of the claims asserted herein.  Plaintiffs do not know at this time the identity of these entit(ies).

12.     Defendants JOHN DOES 1-100 whose names are fictitious are, upon information and belief, liable for all or some of the claims asserted herein.  Plaintiffs do not know at this time the identity of these person(s).

13.     The aforementioned defendants shall hereinafter be referred to collectively as the "Defendants."

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. Plaintiffs' claims are primarily predicated upon The Lanham Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*

15.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under the statutory and the common law of the State of New Jersey pursuant to 28 U.S.C. § 1367(a) because the state claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16.     Venue is properly founded in this District pursuant to 28 U.S.C. § 1391(b)-(c), and after a motion to transfer venue to this District filed by Defendants was granted by Order entered by United States District Court for the District of New Jersey on November 3, 2011.

17.     This Court has personal jurisdiction over Defendants and Plaintiffs because, among other reasons, all parties actively promote their services and/or products in this District and specifically, intentionally, and knowingly target and/or conduct business in this District.

**FACTS COMMON TO ALL CLAIMS OF RELIEF**

**Company's Trademarked Use of Own Your Power®**

18.     Kelly-Brown, in connection with Own Your Power, Inc., owns and operates the website, www.ownyourpower.biz, which informs, promotes and sells motivational communications services in the areas of self-awareness, self-realization, and entrepreneurship under the Trademark ("Own Your Power Services").

19.     Primarily through this website, Company provides access to Own Your Power® media such as the Own Your Power® Radio Show, videos from Own Your Power® conferences, and Own Your Power® blog articles, all of which provide advocacy in the areas of the Own Your Power Services.

20.     Kelly-Brown is the host of a radio show, known as the Own Your Power® Radio Show, as well as the Own Your Power® TV Show, and also appears at Company's annual Own

Your Power® Retreat and other conferences. Through each venue, Plaintiffs provide Own Your Power Services.

21.     For example, Plaintiffs held their annual Own Your Power® conference on September 18, 2010 in New York City, which involved panels and speakers providing Own Your Power Services.

22.     Company has registered the Own Your Power® word mark on the Principal Register of the USPTO thereby establishing validity of the Trademark and providing notice that Company both owns the Own Your Power Trademark and possesses the exclusive right to use in connection with Own Your Power Services.

**Defendants Established a Partnership and Launched a National Infringing Campaign**

23.     Long after Plaintiffs' adoption, use, and federal registration of the Own Your Power Trademark in connection with the Company's Own Your Power Services, and with knowledge of same, Defendants began selling, offering for sale, distributing, promoting and advertising services in interstate commerce bearing counterfeits and infringements of the Own Your Power Trademark as it appears in connection with Plaintiffs' Own Your Power Services and in the Trademark.

24.     Since the Campaign's inception, Defendants, along with bank Wells Fargo & Company ("Wells Fargo"), cosmetic company Clinique Laboratories, LLC ("Clinique"), and clothing store Chico's FAS, Inc. ("Chico's") (collectively the "Partners"), have held themselves out to the public as partners for the benefit of this Infringing Campaign of unauthorized, infringing, counterfeit use of the Plaintiffs' Own Your Power Trademark (the "Own Your Power Partnership" or "Partnership").

25.     This blatantly infringing, verbatim, source identifying use of Company's Own Your Power Trademark began when the Partners boldly featured an infringing Own Your Power Trademark on the cover of the October 2010 issue of the Magazine ("October Issue") using the exact letters, words, and order indistinguishable from Company's Trademark in big, bold text. The October Issue, distributed on or about September 13, 2010, was branded on its cover with the infringing Own Your Power Trademark, depicted such that the letter "O" in "Own Your Power" incorporated subtle design features of Harpo's registered and common law trademark "O." *See* Exhibit B.

26.     Oprah, the Magazine's Editorial Director, was intimately involved in developing the overall direction of the October Issue and also contributed articles for the October Issue.

27.     Upon information and belief, Harpo's registered and common law trademark "O" is the subject of six (6) separate applications for registration on the Principal Register of the USPTO, of which three (3) have been granted. Harpo's "O" trademark has also been incorporated into at least nineteen (19) applications for registration on the Principal Register of the USPTO on behalf of Harpo or its subsidiary OWN, and has been used as a specimen in at least one (1) application for registration on the Principal Register of the USPTO on behalf of OWN.

28.     However, Defendants not only began to use the Own Your Power Trademark without Company's authorization, but also such use was prominently displayed, verbatim, and promulgated in order to identify the Own Your Power Partnership as the source of Company's Trademark. The spurious mark(s) or designation(s) used by Defendants in interstate commerce is/are not only identical in letters, words, and order with the Own Your Power Trademark, but as

words also serve as the dominant feature of both marks, the marks are inherently indistinguishable.

29.     For example, in the October Issue, which prominently displayed Plaintiffs' Trademark in its entirety across the cover in word-for-word, bold, unavoidable letters, Wells Fargo, Clinique, and Chico's are explicitly listed as operating "IN PARTNERSHIP WITH" Harpo, Oprah, and other Defendants in furtherance of this rogue campaign advocating the collective efforts of the Own Your Power Partnership.

30.     The prominent promotion for the Own Your Power Partnership's Infringing Campaign in the October Issue directs the public to "LEARN more about POWER" by plugging in to Oprah.com/power, a website which prominently features a banner containing the Partner's infringing use of the Own Your Power Trademark on every page. The Own Your Power Partnership's clear direction to readers to visit Harpo's website, where additional services have been offered under the mark "Own Your Power" since September 30, 2010, is a clear indication that the Partners are branding themselves as the true source for Own Your Power Services.

31.     Such holding out of the Partners as "in partnership with" one another also displayed the word "ADVERTISEMENT" depicted across the top of the page in the October Issue. Upon information and belief, Defendants use the ADVERTISEMENT designation in the Magazine to distinguish magazine content from pure commercial advertisements for products and services.

32.     The October Issue also contained source identifying logos and designs which the Partnership has linked both to various Partnership services, including its annual "O Power List," as well as Plaintiffs' Trademark.

33.     Upon information and belief, the Partners entered into a signed contract outlining their relationship and agreement for launching the Infringing Campaign.

34.     Defendants' conduct leaves the public no choice but to believe and rely on the unambiguous representations of the clear existence of the Own Your Power Partnership.  Any reasonable member of the public seeing this representation would believe that the Defendants are not only holding themselves out as Partners in furtherance of this Infringing Campaign, but also that the Partners are authorized to act on behalf of one another and bind both the Own Your Power Partnership and all other Partners.

35.     Defendants' deliberate use of the Own Your Power Trademark without authorization from Plaintiffs continued beyond this issue of the Magazine, further expanding the misplaced designation of the Own Your Power Partnership as the source for Own Your Power Services.

**Defendants' Pervasive Attack on Plaintiffs and the Own Your Power Trademark Continue with the Unauthorized Exploitation and Use**

36.     Upon information and belief, both Hearst and Harpo have fifty-percent ownership of the Magazine, which targets the same audience as Company, providing services of advocacy on behalf of self-awareness and motivation, telling its readership to "Live Your Best Life." These services sound not only similar, but seem to be analogous to the Own Your Power Services.

37.     Further still, Company's Own Your Power Services are targeted mainly toward women, while the Magazine, by its own definition, is a "women's lifestyle magazine covering 360 degrees of a woman's life, guided by the values of Oprah Winfrey." The Own Your Power Partnership's use of these dangerously similar services with the undeniably confusing use of the

previously registered Own Your Power Trademark were just the first step in a campaign to wipeout Company's goodwill and usurp its already secured, federally registered trademark.

38.     The look of the Magazine is different than its competitors on newsstands and has become part of the deliberately created brand of the Magazine.  In order to solidify this brand, it is general practice for Oprah, the creative source behind the Magazine, to appear alone on the cover of every single issue, with very few exceptions, accompanied only by signature words and phrases attributed to Oprah.

39.     Oprah not only contributes to the branding of the Magazine and Harpo, but also has brazenly declared on the cover of the October 2010 issue of *Fortune Magazine*, "Now I accept that I'm a brand."  This issue strategically appeared on newsstands and doorsteps during the same month as the October Issue of the Magazine with the Partnership's unauthorized use of the Own Your Power Trademark featured on the cover, publicizing the Infringing Campaign. As one of the most influential women in the world, Oprah knows the power of her brand.

40.     Upon information and belief, Oprah and Harpo have previously secured trademark rights in slogans and phrases via media campaigns involving Oprah's Magazine, her Website, her television Show, events, and other media.

41.     For example, on April 21, 2009, Oprah and Harpo caused a cease and desist letter ("2009 C&D") (Attached hereto as Exhibit C) to be sent to the nationwide insurance provider, Mutual of Omaha Insurance Company ("MOA"). At the time, MOA was engaged in a national advertising campaign utilizing the slogan "official sponsor of the aha moment," and had received a notice of allowance from the USPTO indicating that their previously filed trademark application for that slogan had been approved.

11

42.     However, Oprah and Harpo demanded that MOA immediately cease use of its slogan and abandon its trademark application, claiming that Oprah "has made 'Aha Moment' her signature phrase," by using it broadly "in her television show, magazine, website, and other media." Harpo and Oprah alleged that MOA's advertising campaign created a "high likelihood that people seeing the Infringing Materials will be confused into erroneously believing that [MOA] is sponsoring Ms. Winfrey… and/or that the 'Aha! Moment' originates with MOA."

43.     Harpo and Oprah asserted that Oprah's use of the phrase "Aha! Moment" throughout her media empire caused the public to "associate the term 'Aha! Moment' with Ms. Winfrey," thereby granting her trademark rights and a right of publicity in connection with "Aha! Moment."

44.     Furthermore, within the 2009 C&D, Oprah and Harpo attached Google search results for the phrase "aha moment," that featured Oprah prominently. Oprah and Harpo indicated that such search results evidenced the public's association of "aha moment" with Oprah.

45.     Thus, in light of rights allegedly secured by using "Aha! Moment" in Oprah's television show, on her magazine, on her website, and in "other media," Oprah and Harpo claimed that they had exclusive authority to utilize the phrase "Aha! Moment" in connection with any goods or services related to those of Oprah Winfrey, and that continued use of the phrase by MOA would be a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (false sponsorship and false designation of origin), and 15 U.S.C. § 1125(c) (trademark dilution), as well as Oprah's right of publicity. Oprah and Harpo similarly alleged that MOA's use of "aha moment" violated 815 ILCS 505/2 (Illinois Consumer Fraud and Deceptive Businesses Practices Act) and 815 ILCS 510/2 (Illinois Uniform Deceptive Trade Practices Act).

46.     On April 22, 2009, MOA filed a complaint in the District of Nebraska, seeking declaratory judgment against Oprah and Harpo, outlining many of the above referenced facts and providing a copy of the 2009 C&D, as well as other related evidence.

47.     On April 30, 2009, MOA filed a separate trademark application with the USPTO for the slogan "official sponsor of life's aha moments." Like the application for "official sponsor of the aha moment," this also received a notice of allowance from the USPTO, on December 1, 2009.

48.     Upon information and belief, the case of *Mut. of Omaha Ins. Co. v. Oprah Winfrey and Harpo Prods., Inc.*, No. 09-Civ-495 (D. Neb. Apr. 22, 2009) settled before trial.

49.     Although MOA received a notice of allowance for "official sponsor of the aha moment" from the USPTO on April 21, 2009, and a notice of allowance for "official sponsor of life's aha moments" on December 1, 2009, MOA never responded to either notice and both applications were subsequently deemed abandoned by the USPTO, on November 23, 2009 and July 6, 2010, respectively.

50.     On May 6, 2009, MOA filed a trademark application for "celebrating life's aha moments." This application was not opposed by Oprah or Harpo, and has since been registered on the Principal Register of the USPTO.

51.     On June 5, 2009, Harpo filed two trademark applications for "Aha! Moment." These applications were not opposed by MOA, and have since been registered on the Principal Register of the USPTO.

52.     Upon information and belief, Oprah, Harpo, and MOA reached a settlement agreement resulting in MOA abandoning its previously filed trademark applications and halting use of the word "official" in their utilization of any "aha moment" slogans, while allowing Oprah

and Harpo to secure USPTO trademark registrations for the phrase "Aha! Moment" for use in commerce.

53.     Oprah and Harpo relied upon their usage of "Aha! Moment" in their television show, their magazine, their website, and their "other media" to successfully halt MOA from continuing to benefit from the goodwill of its own trademark, while securing exclusive rights in "Aha! Moment" for Oprah and Harpo.

54.     Oprah and Harpo have used Own Your Power in each of the same media where they previously used "Aha! Moment," which according to Oprah and Harpo, effectively secures trademark rights and rights of publicity in such "signature phrases" to Oprah. Oprah and Harpo also created and broadly publicized an annual event, referred to as "Own Your Power," further reinforcing the idea in the mind of the public that Own Your Power is associated with Oprah.

55.     Oprah and the other Defendants intended to usurp Plaintiffs' Own Your Power Trademark in the exact same manner that they usurped MOA's "aha moment" trademark.

56.     Defendants are familiar with trademark law and the practice of registering marks associated with large scale media campaigns.

57.     A simple search of the USPTO's Register would have revealed the existence of both Company and Company's Own Your Power Trademark to the Defendants. Upon information and belief, Defendants performed such or similar searches which revealed Plaintiffs' ownership, yet ignored or otherwise disregarded Plaintiffs' ownership under the mistaken belief that Plaintiffs would never challenge Defendants' media dominance.

58.     Moreover, even a simple internet search would have revealed the existence of Kelly-Brown and Own Your Power, Inc., as well as the existence of Plaintiffs' Trademark. The

14

Defendants' purposeful and deliberate dismissal of Plaintiffs' existence constitutes willful blindness.

59.     A Google search for "own your power" performed prior to and/or during the first days of the Infringing Campaign did not show any Harpo or Own Your Power Partnership related results, but depicted Plaintiffs as the primary source for Own Your Power. This all changed just one month into the Infringing Campaign, when even Google became so confused as to suggest "Oprah" in its auto-complete function.

60.     It is undeniable that Harpo, Oprah, and the Partners were trying to usurp the Company's registered Trademark.  The fact that the words "Own Your Power," italicized for emphasis, are emblazoned across Oprah's chest, who almost never shares that level of prominence of the cover of the Magazine and is, herself, Harpo's foremost brand, using the same font type as the Magazine's name and a font size which nearly eclipses that of the Magazine's name, is irrefutable evidence of Defendants' attempt to link the Own Your Power Trademark with Harpo's own brand and indicate Defendants as the source of Own Your Power Services rather than Company.

61.     This, however, was only the beginning of a pattern of deliberate and systematic unauthorized use by Defendants and a malicious intent to identify the Partners as the source for the Own Your Power Services under the Trademark.

62.     It was unconscionable commercial practice, deception, fraud, false pretense, false promise, and misrepresentation for Defendants to use the Own Your Power Trademark, in commerce, without the consent of Kelly-Brown.

63.     Defendants knowingly concealed, suppressed, and/or omitted the material fact that they are not the owners of the Own Your Power Trademark and the source for motivational

communications services in the areas of self-awareness, self-realization, and entrepreneurship under the Own Your Power Trademark with intent that the public rely on the concealment, suppression, and/or omission in connection, distribution and advertisement of their Campaign.

64.     In the December 2010 issue of the Magazine ("December Issue"), the Own Your Power Partnership brazenly continued to publicize its Infringing Campaign with another prominent promotion once again directing the public to visit Oprah.com/power; this was both an ongoing promotion of the Partnership and a continual designation of Harpo, Oprah, Clinique, Chico's, Wells Fargo and other Partners as the source of Own Your Power Services.

65.     The promotion clearly identifies the Own Your Power Partnership's Event as the "FIRST-EVER OWN YOUR POWER EVENT." This title and designation unmistakably provides the public with the understanding that since this is the "first-ever," there is more to come from the Partners.

**The Own Your Power Partners Conspired, Attacked, and Usurped Plaintiffs' Trademark**

66.     In partnership with the Own Your Power Partners and in furtherance of the infringing use of Plaintiffs' Trademark, Wells Fargo launched a concurrent "Your Retirement Dreams" campaign ("Promotional Campaign") in which a link to obtain a complimentary financial organization kit appeared on Harpo's Website.

67.     This concomitant Promotional Campaign advanced motivational communications services in the areas of self-awareness, self-realization, and entrepreneurship akin to the Own Your Power Services being offered simultaneously by the Own Your Power Partnership. Wells Fargo further attached itself to the fraudulent misrepresentation of the Own Your Power Partnership as the source for the Own Your Power Services by reinforcing motivational services.

68.     Defendants are well aware of the value of exclusive rights and have experience with the management and control of brands and the business know-how to secure such assets as intellectual property. Each of the Partners has secured numerous federal trademark registrations for use of marks in commerce.

69.     In paving the way for the introduction of OWN, Harpo secured multiple federal trademark registrations, including arranging a transfer of a pre-existing registration for "OWN ONYX WOMAN NETWORK" from Olabrice R. Jackson to Harpo, in an effort to avoid infringing Jackson's exclusive rights. This is just one example of how the Partners exhibit demonstrable experience in performing basic trademark searches before launching new brands in connection with products and services.

70.     Considering that the word "OWN" is contained within Kelly-Brown's trademark, upon information and belief, Harpo became aware of Kelly-Brown's registration long before the Own Your Power Partnership was planning its Infringing Campaign, as Kelly-Brown's then pending registration for the Own Your Power Trademark likely appeared in the same trademark search as Olabrice R. Jackson's registration for "OWN ONYX WOMAN NETWORK" during 2007-2008.

71.     Upon information and belief, Defendants control the nature and quality of the Own Your Power Partnership's infringing services bearing their respective trademarks in furtherance and for the benefit of the Own Your Power Partnership. Clearly, the Partners exercise sufficient control over the quality of the services offered as part of the Infringing Campaign with which their respective trademarks are licensed and/or used in connection in order to prevent abandonment, which would occur pursuant to trademark law in the absence of such control.

72.    Upon information and belief, Defendants' licensed their respective trademarks for direct use in furtherance and for the benefit of the Partnership and the Infringing Campaign, and thereby exercised the necessary level of vigilance over the Own Your Power Partnership's activities, including the Own Your Power Event. This caution and awareness includes both monitoring and controlling the Infringing Campaign, including where and how to affix the Partners' respective trademarks as well as clear and unambiguous specifications for the inspection and approval of the Partnership's Own Your Power Services being offered in connection therewith.

73.    The Own Your Power Partnership's counterfeit and infringing use of Plaintiffs' Own Your Power Trademark was reinforced at the Own Your Power Event held by the Own Your Power Partnership in New York City on September 16, 2010.  The Event was just two days prior to Plaintiffs' annual Own Your Power conference – also held in New York City.

74.    At the Event, the source identifying trademarks of Chico's, Wells Fargo, and Clinique, were all displayed along with the Defendants' Magazine trademark along with the unauthorized Own Your Power Trademark on promotional materials, including step-and-repeat backdrops for the Event's red carpet and other large banners throughout the Event.

75.    Upon information and belief, celebrities and other attendees to the Event posed for promotional pictures standing in front of this backdrop, which prominently displayed Defendants' trademarks along with a counterfeit Own Your Power Trademark. The Own Your Power Partnership's infringing mark was given the same prominence in size, location and frequency as other Partners' trademarks, which were being used in a trademark manner, evidencing the Partners' intent to hold themselves out as equals in furtherance of the Infringing Campaign. *See* Exhibit D.

76.     Upon first greeting the attendees of the Event, Magazine Editor-in-Chief, Susan Casey, announced "Welcome to Own Your Power!" to begin the workshop/seminar, thus indicating that "Own Your Power" was the source identifier of the event and related services offered therein.

77.     The Defendants' infringing Own Your Power mark incorporated design features of Harpo's registered trademark "O" as the "o" in "Own Your Power" was used to create a memorable slogan and publicize the Infringing Campaign in connection with the Magazine, at the Event, and on the Partnership's Websites; the Partnership's intent to use an identical mark in both a counterfeit and infringing manner is clear. *See* id.

78.     Upon information and belief, the Partners have more than a financial relationship. The collective efforts furthering the Partnership extend to a relationship of inclusive monitoring and control evidenced by the deliberate and intentional portrayal of the respective trademarks of each of the Partner's in support thereof.  Such a united public display is for the mutual benefit of the Partners as a means of showing committed investment in the success of the Infringing Campaign by all Defendants.

79.     A public appearance by Wells Fargo's Vice President of Retirement Marketing, Melissa Schilling, at the Event represents Wells Fargo's level of commitment and investment in furtherance and in support of the Own Your Power Partnership and the Infringing Campaign.

80.     Clinique's Wajma Basharyar's public appearance at the Event represents Clinique's level of commitment and investment in furtherance and in support of the Own Your Power Partnership and the Infringing Campaign.

81.     Upon information and belief, as a national retailer serving women for over 25 years, Chico's derives a direct benefit from a source designation of Chico's in connection with the Infringing Campaign as part of the Own Your Power Partnership, which also targets women.

**Continued Systematic and Deliberate Use of Plaintiffs' Own Your Power Trademark**

82.     The Own Your Power Event involved a seminar and workshop with speakers providing advocacy in the areas of self-awareness, self-realization, and entrepreneurship.

83.     Defendants prominently displayed a counterfeit Own Your Power Trademark, inclusive of the Harpo registered "O" trademark at the Own Your Power Event. The Own Your Power Partnership's use of an infringing Own Your Power Trademark in logos and in backdrops emphasizing the letter "O" at the Event was entirely consistent with Harpo's use of its registered trademark, "Live Your Best Life," clearly indicating the Partnership's use of "own your power" in a trademark manner.

84.     It is of note that when Harpo was securing the federal trademark registration for LIVE YOUR BEST LIFE, Harpo submitted a specimen of use to the USPTO, accompanied by a sworn statement, attesting that LIVE YOUR BEST LIFE was in use as a trademark as depicted on the first ever cover of the Magazine. *See* Exhibit E.

85.      The Partnership used the Own Your Power Trademark in the same manner on the cover of the Magazine as in the specimen of use for LIVE YORU BEST LIFE presented to the USPTO.

86.     Defendants were not authorized by Plaintiffs to use the Own Your Power Trademark. Further still, Defendants' unauthorized use created actual and direct confusion between the Own Your Power Partnership's Event and Company's Own Your Power[®] Biz

Conference held just two days later on September 18, 2010 in the same city, also with seminars and workshops in the same areas of Own Your Power Services.

87.     Video clips from the Own Your Power Event featuring popular celebrities providing advice in a seminar and workshop format were made available by the Own Your Power Partnership on Harpo's Website as early as September 2010, further compounding the confusion. Video clips include captions referring to the Partners' "Own Your Power Event" and links containing source designating statements.

88.     At or about the time of the Own Your Power Event, a Twitter account owned by or operating under the direction and control of the Partners and/or their affiliates or agents communicated an instantaneous message to over one hundred thousand consumers identifying the Partnership as the source of the Event.

89.     The full-fledged takeover of the Plaintiffs' Trademark expanded as Harpo took the Own Your Power Trademark, without authorization, and displayed it word-for-word all over its Websites' banners, features, and advertisements. *See* Exhibit F.

90.     Harpo's Websites inform, promote and sell services in the areas of self-awareness and motivational communications.  This is the same functionality as Plaintiffs' websites.

91.     Through its Websites, Harpo provides access to media deliberately referred to under the designation of a counterfeit Own Your Power Trademark, including but not limited to videos from the Partnership's Own Your Power Event, articles advocating the Own Your Power Services and excerpts from its October Issue of the Magazine, all of which promote Harpo's services in the areas of self-awareness and motivational communication.

92.     Likewise, Plaintiffs' websites provide access to media under the designation of her Own Your Power Trademark in support of the Own Your Power Services.

93.     Harpo branded at least seventy-five (75) pages on its websites with both a banner featuring an unauthorized use of the Own Your Power Trademark and a connected promotion for Harpo's Magazine likewise exploiting the Trademark. Countless other pages on Partners' Websites include a separate advertisement for Harpo's Magazine featuring Kelly-Brown's Trademark, and links and captions doing the same, all without authorization.

94.     Approximately two weeks after the Event, a Facebook page owned by or operating under the direction and control of the Partners, their affiliates and/or agents communicated an instantaneous message to over one hundred thousand consumers identifying the Own Your Power Partnership as the source of the Event and displaying photographs of the Own Your Power Partnership's infringing use of Plaintiffs' Own Your Power Trademark.

95.     On or about September 27, 2010, Oprah appeared on the nationally televised and syndicated *The Oprah Winfrey Show* (the "Show") and prominently displayed the cover of the October Issue along with the infringing Own Your Power Trademark. Immediately after providing motivational communications services to world renowned tennis icon Serena Williams ("Williams"), Oprah directed the audience's attention to the Own Your Power Partnership's counterfeit and infringing use of Own Your Power Trademark. In an excited response, Williams declared "I need that!" while reaching for the October Issue. *See* Exhibit G.

96.     Harpo has mimicked Plaintiffs' usage of the Own Your Power Trademark to impress upon its audience the importance of the associated Own Your Power Services in such a dramatic fashion as to have Oprah specifically pointing to each of the three words while advocating the same to Williams and her audience worldwide.

97.     Harpo provides extensive self-awareness and motivational communication services on television with Oprah at the helm, and its Show is described by authorities on the subject as helping "the viewers change themselves."

98.     The December Issue of the Magazine, distributed on or about November 13, 2010, highlighted the Own Your Power Partnership and directed readers to Harpo's website, where services under an infringing Own Your Power Trademark continued to be offered after the filing of Kelly-Brown's Original Complaint. Said promotion for the Infringing Campaign included the counterfeit and infringing version of Kelly-Brown's Own Your Power Trademark, again incorporating Harpo's registered trademark "O."

**Plaintiffs Suffer Significant Harm from Defendants' Activities**

99.     Defendants have repeatedly taken Plaintiffs' Trademark word-for-word, and exploited it, without authorization, in conjunction with unauthorized Own Your Power services and the same types of trade channels. Such unauthorized use has directly caused Plaintiffs significant harm in the loss of exclusive rights to use and control the Own Your Power Trademark.

100.    Such unauthorized use has also caused significant harm to Plaintiffs in the way of reverse confusion, particularly due to the global reach and considerable powers of the Partner's media resources.

101.    Continued unauthorized use of the Own Your Power Trademark will cause further confusion amongst consumers as to the origin and authenticity of Plaintiff's Trademark and Own Your Power Services, and will result in other irreparable harms to Kelly-Brown and Own Your Power, Inc., including but not limited to the usurpation of future business opportunities.

23

102.    The Defendants' use of Plaintiffs' Trademark, in connection with the Own Your Power Partnership, has impaired the ability of consumers to accurately identify the source of the Own Your Power Services.  The strength of Plaintiffs' Trademark; the similarity between Plaintiffs' Trademark and Partners' infringing mark in their entirety as to appearance, sound, and meaning; the proximity of services of both parties; and evidence of actual confusion all illustrate a propensity for consumers to become confused.

103.    Plaintiffs' federal registration of the Trademark is conclusive evidence that it should be afforded the utmost protection. The Own Your Power Trademark has been used in the provision of Own Your Power Services through various venues and mediums for years and has gained a substantial following.

104.    The expansion of Company's service line to include a radio show, television show, lifestyle center, business conference, personal coaching, retreats, blog and the upcoming e-magazine illustrate the notoriety and strength of the Plaintiffs' Trademark.

105.    For years, Plaintiffs have been identifying the Own Your Power Trademark with self-affirming goals such as "lifestyle and wellness content" and "a confident state of mind" that will help one "attain anything (they) want in life."

106.    The Partnership advocates on how to "tap into your own strength", "focus your energy, and let your best self shine," "turn your dreams into reality," "live your best life," and achieve other such goals through its services, as evidenced throughout the Infringing Campaign. Not only is the Partners' word-for-word use of the Own Your Power Trademark confusingly similar in sight and sound, but it is used to in connection with confusingly similar services.

107.    Plaintiffs use the Own Your Power Trademark in connection with speaking engagements, advocacy and educational content both off-line and on-line in the areas of the Own

Your Power Services. The Partners have made unauthorized use of Plaintiffs' Trademark in these same service areas throughout the Infringing Campaign.  This includes articles and promotions in the Magazine publicizing the Partnership's Own Your Power services while utilizing an unauthorized Own Your Power Trademark; articles and promotions on Defendants' Websites featuring Own Your Power services branded with an infringing Own Your Power Trademark; and motivational speaking and seminar/workshop content on Defendants' Show, Own Your Power- Partnership Websites, and at the Own Your Power Event while making further use of the infringing  Own Your Power Trademark. *See* ~~Exhibit L.~~

108.    Such proximity in the market has and will continue to cause confusion and mistake among consumers as to origin of the Trademark, and continue to cause consumers to assume an erroneous affiliation, connection, or association between Plaintiffs and the Defendants.

109.    As a result of the Partners' use of the Own Your Power Trademark, Kelly-Brown and Own Your Power, Inc. have received numerous e-mails, text messages, tweets, phone calls and other such communications from consumers inquiring about Harpo and its infringing Own Your Power Services. These communications constitute evidence of actual confusion.

110.    Even Google, the nation's premiere search engine, continued to be confused as to the source of the Own Your Power Trademark and Services.  A search for "Own Your Power" prominently showed Oprah as the top search result, placing above Company, when prior to September and the Infringing Campaign, Company dominated the entire first page of search results. This is clear evidence of both actual and continuing confusion.

111.    The Own Your Power Partnership's actions constitute irreparable harm by not only violating the Plaintiffs' exclusive rights to the Trademark, but also the public's right to be

free of confusion and the right of Plaintiffs' to control the reputation of their Own Your Power Services.

**The Own Your Power Partnership's Junior Use has Saturated the Market**

112.    Upon information and belief, Harpo and its Partners, through their companies, properties, affiliates, groups, subsidiaries and agents, are some of the most powerful media entities in existence worldwide. Paid subscription within the United States for the Magazine averages approximately 2.4 million copies year to year according to *Crain's Chicago Business* and the *New York Times*.

113.    Upon information and belief, the launch of the final season of *The Oprah Winfrey Show* was viewed in at least 9 million households just in the United States according to the *Chicago Sun-Times* and boasted over 16 million viewers for its farewell episode.

114.    Upon information and belief, Harpo's Websites, at least one of which has been in operation for over a decade, claim 2 million book club members and www.oprah.com claims 70 million page-views per month. One of Harpo's more recent webinar series focusing on self-awareness and/or motivation was downloaded or streamed more than 35 million times and its O Magazine Twitter account and Facebook page have more than 300,000 followers  and fans, respectively, who thus receive a direct and instantaneous transmission of any message submitted by Harpo.

115.    Upon information and belief, Oprah, who has been at the helm of this national Campaign to destroy Plaintiffs' goodwill and confuse consumers as to the source and/or affiliation of the Own Your Power Trademark, was recognized by *Forbes Magazine* as the most powerful celebrity in the world.

116.    Upon information and belief, a recent article published in the *Chicago Tribune*, Oprah described as "the most powerful woman in the history of… everything." *See* Chauncey Mabe, *The power to pick books that matter*, CHICAGO TRIBUNE, Sept. 22, 2010.

117.    A May 2007 article in *Time Magazine* stated that an appearance on *The Oprah Winfrey Show* is the equivalent of millions of dollars in marketing, promotion and campaigning. Time also stated that "Oprah's power to persuade extends to a multitude of products and services… Search term data indicates that immediately following the appearance on a show, searches for a book, diet or personality will reach the stratosphere." *See* Bill Tancer, *Under the Influence of Oprah*, TIME MAGAZINE, May 9, 2007.

118.    The Own Your Power Partnership's use of Plaintiffs' Trademark has already caused considerable harm to her ability to maintain and promote her business and brand.

119.    A public survey was conducted that demonstrates that a solid majority of consumers in the public believe that Oprah is the source of the services offered in connection with Plaintiffs' Own Your Power Trademark. This is a testament to the Defendants' commercial strength.

120.    Upon information and belief, the Partners' multi-tiered campaign, utilizing the extensive reach of television, the internet, and print media, has already reached millions of consumers.  Defendants' media presence has been documented to persuade, influence and command the opinion of its audience. The Partnership's sheer saturation of the market by Defendants' concerted efforts have destroyed Plaintiffs' ability to use the Trademark without reversing the confusion and damage that has already been done.

121.   The Harpo Website, the Hearst Website, the O Magazine Website, and Harpo's Facebook and Twitter accounts have been used to advertise, distribute, promote, offer for sale, and sell services bearing infringements of the Own Your Power Trademark.

122.   On March 22, 2011, Plaintiffs' counsel wrote to the Partners concerning the Own Your Power Partnership's infringement of Plaintiffs' registered Own Your Power Trademark and demanded that such infringement be ceased and desisted. *See* Exhibit F.

123.   On April 20, 2011 Harpo attorney David Fleming, Esq. of Brinks Hoffer Gilson & Lione acknowledged representation of members of the Partnership and refused to direct his clients to halt the infringement of Kelly-Brown's registered Own Your Power Trademark.

124.   Between May 18, 2011 and May 26, 2011, Kelly-Brown engaged in discussions with the Own Your Power Partnership through a series of letters and telephone conversations. Throughout these discussions, the Own Your Power Partnership repeatedly insisted that it had no future plans to continue using Own Your Power. Nevertheless, the Own Your Power Partnership's unauthorized uses of Own Your Power persisted unabated, and discussions broke down soon thereafter.

125.   Kelly-Brown commenced this action on July 28, 2011 in the United States District Court for the District of New Jersey (the "DNJ") for federal trademark infringement of the Own Your Power Trademark, among other claims ("Original Complaint"). As of the date of the Original Complaint, the unauthorized uses of Own Your Power were still in use and as of the date of this Amended Complaint unauthorized uses of Own Your Power continue to persist.

126.   All Defendants were served with the Original Complaint between the dates of August 4, 2011 and August 8, 2011. Defendants were also served, simultaneously, with a copy of

a motion for preliminary injunction dated August 3, 2011. This preliminary injunction was filed with the DNJ on August 12, 2011 with a return date set for September 6, 2011.

127.    On or about August 11, 2011, counsel for Hearst requested an extension of time to respond on behalf of all Defendants.

128.    Although initially overlooked, after Defendants inspected the preliminary injunction motion, they inquired about the uses detailed therein and in response, the unauthorized uses were identified on Defendants' respective Websites, amongst other places. On August 15, 2011, Defendants represented that all identified, unauthorized uses of the Own Your Power Trademark 0had been removed as of August 12, 2011.

129.    Defendants, with the exception of Oprah, represented to the DNJ on August 17, 2011 in a request for an adjournment of the preliminary injunction motion and other deadline extensions, that the unauthorized uses of the Trademark on the Websites had been removed and Defendants represented once again that there were no plans to use in the future.

130.    Despite their previous representations to Plaintiffs and the DNJ regarding their supposed lack of future plans to use Own Your Power, a September 16, 2011 investigation revealed that the Partnership had already launched a new and infringing promotional campaign featuring the Trademark on www.oprah.com. This new campaign was promoting the Partnership's upcoming "O You! Event" which was held on October 15, 2011, just two days before Plaintiffs' scheduled October 17, 2011 return date for the preliminary injunction motion.

131.    On September 19, 2011, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order ("TRO") against the unauthorized uses of the Own Your Power Trademark on www.oprah.com as related to the upcoming 2011 O You! Event. After receiving further

assurances from the Partnership that it would cease all further uses of Own Your Power, the DNJ declined Plaintiffs' TRO application on September 20, 2011.

132.    By Order dated November 3, 2011, the DNJ granted a venue transfer to the Southern District of New York ("SDNY"). Soon thereafter, the Own Your Power Partnership moved to dismiss the Original Complaint. By Order dated March 6, 2012, the SDNY granted Defendants' motion in its entirety, and Plaintiffs filed a timely appeal with the Second Circuit Court of Appeals. On May 31, 2013, the Second Circuit vacated the judgment of the SDNY with respect to Plaintiff's trademark infringement, false designation of origin, and reverse confusion claims, and remanded this case for further proceedings while affirming the District Court's holdings with respect to Plaintiffs' vicarious infringement, contributory infringement, and counterfeiting claims.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. §1114)

133.    Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

134.    Kelly-Brown's registration of the mark Own Your Power on the principal register of the USPTO constitutes *prima facie* evidence of the validity of the mark, and proof of Plaintiffs' ownership and exclusive right to use the mark in commerce in connection with Own Your Power Services. Such registration also serves to provide Defendants with notice of Plaintiffs' exclusive rights.

135.    Plaintiffs' Own Your Power Trademark has acquired substantial goodwill which has been almost irreversibly damaged by the Defendants' ubiquitous campaign of counterfeit and infringing use.

136.    Defendants use of the infringing Own Your Power Trademark in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of services through print magazines, nationally televised media, and the World Wide Web constitute Defendants' use of Own Your Power as a trademark in commerce.

137.    Defendants have used the Own Your Power Trademark, knowing it is the exclusive property of Plaintiffs, in connection with Defendants' sale, offers for sale, distribution, promotion and advertisement of their services.

138.    Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiffs to use the Own Your Power Trademark to advertise, promote, distribute, offer for sale or sell services under the Own Your Power Trademark when Defendants are not so authorized.

139.    Defendants engage in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants and the services they publicize, promote and/or sell are affiliated with Plaintiffs, or that Defendants are the true source of Own Your Power Services under the Own Your Power Trademark, when in fact neither is true.

140.    Defendants' use of the Own Your Power Trademark has been without the consent of Plaintiffs; is likely to cause and has caused confusion and mistake in the minds of the public and in particular, tends to and does falsely create the impression that the services advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Plaintiffs when, in fact they are not; and tends to and does falsely create the impression that Kelly-Brown is not the true owner of the exclusive rights to the Own Your Power Trademark and that Plaintiffs are in fact the infringer.

141.    Defendants' unauthorized use of the Own Your Power Trademark has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and unjustly profiting from exploiting and usurping Plaintiffs' exclusive right, all to the substantial and irreparable injury of Plaintiffs, the public, and Plaintiffs' Trademark.

142.    Defendants' acts constitute willful trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

143.    By reason of the foregoing, Defendants are liable to Plaintiffs for: (a) an amount representing Three (3) times Plaintiffs' damages or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees, costs, and pre-judgment interest pursuant to 15 U.S.C. §1117.

144.    Furthermore, Plaintiffs respectfully request that the Court preliminarily and permanently enjoin all Defendants from continued and future counterfeiting and infringement of Plaintiffs' Own Your Power Trademark.

**SECOND CLAIM FOR RELIEF**
**(Reverse Confusion, 15 U.S.C. § 1114)**

145.    Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

146.    Plaintiffs' Own Your Power Trademark is a valid, protectable trademark. Kelly-Brown is the owner of the Own Your Power Trademark on the Principal Register of the USPTO.

147.    Defendants used an identical, infringing Own Your Power Trademark in a manner similar to Plaintiffs' Own Your Power Trademark without the consent of the Plaintiffs in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

148.    Defendants' actions are likely to lead the public to conclude, incorrectly, that Plaintiffs' Own Your Power Services originate from Defendants, which will damage both Plaintiffs and the public.

149.     Defendants' unauthorized use of the Own Your Power Trademark in interstate commerce as described above constitutes reverse trademark infringement and is likely to cause consumer confusion, mistake, or deception.

150.     As a direct and proximate result of Defendants' reverse trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

151.     Defendants' acts of reverse trademark infringement will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights pursuant to Section 32 of the Lanham Act, 15 U.S. C. § 1114.

152.     By reason of the foregoing, Defendants are liable to Plaintiffs for: (a) an amount representing Three (3) times Plaintiffs' damages or Defendants' illicit profits; and (b) Plaintiffs' costs for corrective advertisement of the expansive Infringing Campaign; (c) reasonable attorney's fees, investigative fees, costs, and pre-judgment interest; (d) any other relief the Court deems proper.

### THIRD CLAIM FOR RELIEF
### (Federal False Designation of Origin and Unfair Competition, 15 U.S.C. §1125(a))

153.     Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

154.     In connection with Defendants' advertisement, promotion, distribution, sales and offers of sale of their services, Defendants have used in commerce, and continue to use in commerce, the Own Your Power Trademark.

155.     In connection with Defendants' advertisement, promotion, distribution, sales and offers of sale of Defendants' Own Your Power services, Defendants have affixed, applied and used false designations of origin and false and misleading descriptions and representations,

including the Own Your Power Trademark, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiffs of Defendants' Own Your Power services.

156.    Defendants have used the Own Your Power Trademark with full or constructive knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.

157.    Defendants' use of The Own Your Power Trademark in connection with Defendants' services constitutes false descriptions and representations tending falsely to describe or represent Defendants and Defendants' services as being either authorized, sponsored, affiliated or associated with Plaintiffs, or alternatively, that Defendants are the true origin of Plaintiffs' Own Your Power Services, and that Plaintiffs are the infringers.

158.    Defendants have used the Own Your Power Trademark with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon Plaintiffs' reputation or create the impression that Plaintiffs are trading upon Defendants' reputation, to improperly appropriate to themselves the valuable trademark rights of Plaintiffs, and to unfairly compete with Plaintiffs.

159.    Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Defendants' services as those of Plaintiffs or vice versa in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

160.    By reason of the foregoing, Defendants are liable to Plaintiffs for: (a) an amount representing three (3) times Plaintiffs' damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees, costs, and pre-judgment interest pursuant to 15 U.S.C. §1117.

161.     Furthermore, Plaintiffs respectfully request that the Court preliminarily and permanently enjoin all Defendants from continued and future counterfeiting and infringement of Plaintiffs' Own Your Power Trademark.

### FOURTH CLAIM FOR RELIEF
### (Trafficking in Counterfeit Marks, N.J.S.A. 56:3-13.16)

162.     Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

163.     Defendants deliberately and intentionally used without Plaintiffs' consent, copies and colorable imitations of the Own Your Power Trademark in connection with the sale and advertisement of services within the State of New Jersey, with the intention to deceive, or to assist in deceiving the public as to the source, sponsorship and origin of the services or with the intention to defraud, or to assist in defrauding Plaintiffs, constituting trafficking or attempting to traffic in counterfeit marks in violation of N.J.S.A. 56:3-13.16.

164.     Defendants' actions as alleged herein have caused and will continue to cause irreparable damage and injury to Plaintiffs if not enjoined by this Court. Plaintiffs respectfully request that the Court preliminarily and permanently enjoin all Defendants from continued trafficking in counterfeit Own Your Power Trademarks.

165.     By reason of the foregoing, Defendants are liable to Plaintiffs for: (a) an amount representing three (3) times Plaintiffs damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees, costs, pre-judgment interest, and any provisional or equitable remedy available under the federal Trademark law.

## FIFTH CLAIM FOR RELIEF
### (Common Law Misappropriation)

166.    Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

167.    Defendants have misappropriated Plaintiffs' property interest in the registration of the Own Your Power Trademark, the goodwill, and in Plaintiffs' business model operated through Own Your Power, Inc.

168.    Defendants are familiar with trademark law and the practice of registering marks with the USPTO, particularly before launching media campaigns using those marks.

169.    Defendants performed a trademark search on the USPTO registry for the registration of "Own Your Power" before launching their competing Own Your Power campaign.

170.    Plaintiffs have spent an innumerable amount of energy, time and money in expanding Company into new markets and new media and making Company commercially profitable.

171.    Defendants have benefited from the use of the valuable goodwill, reputation, and business property of Plaintiffs by:

(A) selecting the same letters and the same words, and using them in the same combination, "Own Your Power," to market, advertise, and identify themselves as the source for the same motivational communications services in the areas of self-awareness, self-realization, and entrepreneurship services as Plaintiffs; and

(B) free-riding on Plaintiffs' advertising for Plaintiffs' Own Your Power® Conference held on September 18, 2010 in New York City by hosting a competing Own Your Power Event on September 16, 2010 in New York City.

172.     Defendants' acts thus constitute misappropriation in violation of federal common law misappropriation.

173.     As a direct and proximate result of Defendants' acts, Defendants have been unjustly enriched and Plaintiffs have been injured and are entitled to recover damages in an amount to be determined at trial.

174.     Furthermore, Plaintiffs respectfully request that the Court preliminarily and permanently enjoin all Defendants from continued and future misappropriation of Company's Own Your Power Trademark and business model.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Competition, N.J.S.A § 56:4-1)**

175.     Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

176.     Defendants have appropriated the Own Your Power Trademark by using the Mark in connection with their advertisement, promotion, distribution, sales and offers of sale of Defendants' services.

177.     Defendants have also appropriated the Own Your Power Trademark with full or constructive knowledge of the falsity of such designations of origin, descriptions and representations, all to Plaintiffs' detriment.

178.     By offering analogous services to Plaintiffs' Own Your Power Services, Defendants' appropriation of the Own Your Power Trademark and Defendants' ubiquitous presence have inevitably resulted in Defendants being recognized as the source of the Own Your Power Trademark.

179.     Defendants have also appropriated the Own Your Power Trademark with the express intent to trade upon the reputation of Plaintiffs' or to create the impression that Plaintiffs

are trading upon Defendants' reputation, to improperly and unfairly appropriate to themselves the valuable trademark rights of Plaintiffs, and to unfairly compete with Plaintiffs.

180.    Defendants have capitalized on Plaintiffs' resources and investment by appropriating the Own Your Power Trademark and, as a result, have unjustly obtained success and monetary gain through no work of their own.

181.    Defendants have used a combination of elements that is likely to cause mistake or to deceive people as to Defendants' affiliation, connection, or association with Plaintiffs' Own Your Power Services in violation of N.J.S.A. 56:4-1.

182.    Plaintiffs have been, and will continue to be, damaged by Defendants' ongoing activities and conduct. Defendants have not cooperated with ceasing to appropriate the Own Your Power Trademark in the immediate future.

183.    Defendants have unfairly profited from appropriating the Own Your Power Trademark and unless such conduct is enjoined, Plaintiffs' reputation and goodwill will continue to suffer irreparable injury.

184.    Furthermore, Plaintiffs respectfully request that the Court preliminarily and permanently enjoin all Defendants from continued and future unfair competition against Company.

185.    As a direct and proximate cause of Defendants' acts, Plaintiffs have been injured and are entitled to recover treble damages pursuant to NJ Stat. 56:4-2, in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

186.    Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

187.     Plaintiffs' registration of the mark Own Your Power on the principal register of the USPTO constitutes *prima facie* evidence of the validity of the mark, and proof of Plaintiffs' ownership and exclusive right to use the mark in connection with their services. Such registration also serves to provide Defendants with notice of Plaintiffs' exclusive rights.

188.     Plaintiffs' Own Your Power Trademark has acquired substantial goodwill which has been almost irreversibly damaged by the Defendants' ubiquitous campaign of counterfeit and infringing use.

189.     Defendants' activities constitute Defendants' use in commerce of the Own Your Power Trademark. Defendants use of the Own Your Power Trademark in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of their services bearing infringements and counterfeits of the Own Your Power Trademark.

190.     Defendants have used the Own Your Power Trademark without authorization, knowing it is the exclusive property of Plaintiffs, in connection with Defendants' sale, offers for sale, distribution, promotion and advertisement of their services.

191.     Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiffs to use the Own Your Power Trademark to advertise, promote, distribute, offer for sale or sell services under the Own Your Power Trademark when Defendants are not so authorized.

192.     Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that Defendants and the services they sell are affiliated with Plaintiffs, or that Defendants are the true source of Own Your Power services under the Own Your Power Trademark, when in fact neither is true.

193.     Defendants' use of the Own Your Power Trademark has been without the consent of Plaintiffs, is likely to cause and has caused confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the services advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Plaintiffs when, in fact they are not; and tends to and does falsely create the impression that Plaintiffs are not the true owner of the exclusive rights to the Own Your Power Trademark and that Plaintiffs are in fact the infringer.

194.     Defendants' unauthorized use of the Own Your Power Trademark has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and unjustly profiting from exploitation and diminishment of Plaintiffs' exclusive right to use her registered mark, all to the substantial and irreparable injury of Plaintiffs, the public, and Plaintiffs' trademark.

195.     Defendants' acts constitute wanton and willful common law trademark infringement disregarding the rights of Plaintiffs.

196.     As a direct and proximate result thereof, Plaintiffs suffered and continue to suffer damages.

197.     Plaintiffs' will continue to suffer damages, including irreparable harm to the goodwill in and to the Own Your Power Trademark, unless and until Defendants are restrained from all unauthorized use of an identical or substantially indistinguishable Trademark.

198.     By reason of the foregoing, Defendants are liable to Plaintiffs for:  (a) disgorgement of all gross monies received by Defendants in connection with their infringement of Plaintiffs' rights; (b) reasonable attorney's fees, investigative fees, costs, and pre-judgment interest; (c) punitive damages; and (d) such other and further relief as is necessary, just and/or proper.

199.     Furthermore, Plaintiffs respectfully requests that the Court preliminarily and permanently enjoin all Defendants from continued future infringement of Plaintiffs' Own Your Power Trademark.

**EIGHTH CLAIM FOR RELIEF**
**(Common Law Civil Conspiracy)**

200.     Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

201.     Upon information and belief, long after Plaintiffs' adoption and use of the Own Your Power Trademark in connection with Company's Own Your Power Services and federal registration of the Own Your Power Trademark, Defendants entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly begin selling, offering for sale, distributing, promoting and advertising services in interstate commerce bearing counterfeits and/or infringements of the Own Your Power Trademark as the mark appears in connection with Plaintiffs' Own Your Power Services

202.     The acts of Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own personal financial gain.

203.     Defendants had an independent duty to Plaintiffs not to engage in conduct involving a conspiracy to violate a legal duty in furtherance of Defendants' financial gain.

204.     Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

205.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been damaged in a sum according to proof and Defendants are additionally liable for punitive damages, attorney's fees, costs, and interest according to proof.

## NINTH CLAIM FOR RELIEF
**(Tortious Interference with Prospective Business and/or Economic Advantage)**

206.    Plaintiffs hereby incorporate by reference and reallege the allegations set forth in this Amended Complaint.

207.    Plaintiffs have a reasonable expectation of prospective economic advantage associated with the federally granted, exclusive use and exploitation of the Own Your Power Trademark.

208.    Defendants have intentionally and inappropriately interfered with Plaintiffs' reasonable expectation of prospective economic advantage.

209.    Defendants used the Own Your Power Trademark with full or constructive knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.

210.    By using the Own Your Power Trademark in connection with Defendants' advertisement, promotion, distribution, sales and offers of sale of their Infringing Campaign, Defendants have affixed, applied and used false designations of origin and false and misleading descriptions and representations which tend to falsely describe the origin, sponsorship, association or approval by Plaintiffs.

211.    By using the Own Your Power Trademark in connection with Defendants' advertisement, promotion, distribution, sales and offers of sale of the Infringing Campaign, Defendants have benefited from the goodwill associated with the Own Your Power Trademark that is exclusive to Plaintiffs.

212.    Furthermore, by holding the Own Your Power Event two days before and in the same city as Plaintiffs' Own Your Power conference, Defendants intentionally and inappropriately interfered with Plaintiffs' prospective economic advantage.

213.    But for the Defendants tortious conduct and wrongful interference, Plaintiffs

would have received and continued to receive some or all the anticipated economic advantage

and gained clientele.

214.    As a result, Defendants have been unjustly enriched by using the goodwill

associated with the Own Your Power Trademark while depriving Plaintiffs of gaining a

reasonable expected economic advantage which is exclusive to Plaintiffs.

215.    By reason of the foregoing, Plaintiffs have suffered substantial damages.

Furthermore, Plaintiffs respectfully request that (a) a finding be entered that Defendant

tortuously interfered with Plaintiffs' prospective economic advantage; (b) the Plaintiffs be

awarded damages and punitive damages for Defendant's willful or grossly negligent actions

which exhibited a wanton disregard for the trademark rights; (c) that Plaintiffs be awarded costs

of this suit; (d) that Defendants be preliminarily and permanently enjoined from the tortiously

interfering conduct; and that Plaintiffs be awarded such other relief as this Court may deem just

and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so

triable.

Respectfully submitted,

Dated: Hillsborough, New Jersey          THE PLK LAW GROUP, P.C.
   July 22, 2013

             /s/ Patricia Lawrence-Kolaras
             BY: PATRICIA LAWRENCE-KOLARAS, ESQ
             284 U.S. Route 206, Bldg. E, Suite 10
             Hillsborough, NJ 08844
             Tel: (908) 431-3108
             Fax: (908) 431-3109
             Email: patricia@plklawgroup.com

## VERIFICATION OF FIRST AMENDED VERIFIED COMPLAINT
## PURSUANT TO 28 U.S.C. § 1746

I verify under penalty of perjury of the laws of the United States of America that the

factual statements in this Verified Complaint are true and correct to the best of my knowledge

and understanding

Executed on July 12 2013

Simone Kelly-Brown

44