**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC.<br><br>                    Plaintiffs,<br><br>v.<br><br>OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, HEARST COMMUNICATIONS, INC., ABC COMPANIES (1-100), and JOHN DOES (1-100)<br><br>                    Defendants. | Civil Action No. 11-cv-07875-PAC<br><br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS NEW JERSEY CLAIMS**

Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax    (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

Charles L. Babcock, Esq.  (Pro Hac Vice)
Nancy W. Hamilton  (Pro Hac Vice)
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Phone (713) 752-4200
Fax    (713) 752-4221
cbabcock@jw.com
nhamilton@jw.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................................1

MATERIAL FACTS .............................................................................................................................1

ARGUMENT .........................................................................................................................................2

    **I.**    New Jersey Law Does Not Apply ................................................................................2

    **II.**    The New Jersey Counterfeiting Claim Fails on the Merits .........................................3

CONCLUSION ......................................................................................................................................3

## **TABLE OF AUTHORITIES**

**CASES** **Page**

*Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981) ............................................................................ 2

*Axelrod v. Heyburn*, Civ. No. 09-5627, 2010 WL 1816245 (D.N.J. May 3, 2010) ........................ 3

*Deere & Co. v. MTD Prods., Inc.*, No. 00 Civ. 5936 (LMM),
   2002 WL 1837402 (S.D.N.Y. Aug. 12, 2002) ..................................................................... 2

*N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38 (2d Cir. 1999) ........................................................ 2

*New England Surfaces v. E.I. Du Pont De Nemours & Co.*,
   460 F. Supp. 2d 153 (D. Me. 2006) ..................................................................................... 2

**STATUTES & RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

N.J.S.A. § 56:3-13.16 ..................................................................................................................... 1

N.J.S.A. § 56:4-1 ............................................................................................................................ 1

## **PRELIMINARY STATEMENT**

Plaintiffs have included two New Jersey statutory claims – Trafficking in Counterfeit Marks under N.J.S.A. § 56:3-13.16 (Count IV) and Unfair Competition under N.J.S.A. § 56:4-1 (Count VI) – in their Amended Complaint notwithstanding the lack of any connection between this litigation and New Jersey and this Court's rejection of Plaintiffs' federal counterfeiting claim, which is evaluated under the same standard as its New Jersey analog. For these reasons, Defendants respectfully request that the Court dismiss both New Jersey claims for failure to state a claim under Rule 12(b)(6).

## **MATERIAL FACTS**

Plaintiffs originally filed this case in the District of New Jersey. Defendants moved to transfer the action to this Court, as the case has no legitimate connection with New Jersey. In granting the motion and transferring the case, the court agreed that Plaintiffs "appear to have no connection to this state other than their selection of a New Jersey attorney to represent them in this matter" and that "there is simply no connection between Plaintiffs' choice of venue – New Jersey – and either the wrongdoing underlying this action or the parties against which they seek recovery." (Docket No. 41, Opinion at 6, 9) The court also pointed out that, while "the Magazine, television show and websites bearing the Mark received distribution in New Jersey, this connection to the facts does not place New Jersey in a superior position to the other 49 states in which Plaintiffs contend infringement also occurred in the same manner." (*Id.* at 7)

After transfer, Defendants re-urged their motion to dismiss the case, and this Court granted that motion. In dismissing Plaintiffs' federal counterfeiting claim, the Court found that the allegedly counterfeit use of the phrase at issue by Defendants was not sufficiently similar to Plaintiffs' use of the phrase to permit such a claim. (Docket No. 57, Opinion at 15-16) That finding was affirmed on appeal. (Docket No. 61, Opinion at 28-29)

1

**ARGUMENT**

I. **New Jersey Law Does Not Apply**

As Judge Chesler found when transferring this case, there is no connection between the facts underlying the case or the parties to New Jersey. Notwithstanding this, Plaintiffs persist in asserting claims under New Jersey statutes with no basis for application of that state's law. This Court applies New York's choice of law rules in determining which state's law to apply to supplemental state-law claims. *See Deere & Co. v. MTD Prods., Inc.*, No. 00 Civ. 5936 (LMM), 2002 WL 1837402, at *3 (S.D.N.Y. Aug. 12, 2002) (citing *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43 (2d Cir. 1999)). For claims sounding in tort such as trademark-based claims, New York applies the law of the state with the greatest interest in the litigation. *Id.* at *3 & n.6. For laws regulating conduct as opposed to those allocating loss, New York generally applies the law where the tortious conduct sought to be regulated took place, rather than the place of injury. *Id.* at *3. In any event, New Jersey is neither where the conduct sought to be regulated took place nor the place of alleged injury.[1] That state clearly does not have the "significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair," and application of its law would not only be unsound but unconstitutional. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312 (1981). Accordingly, the counts alleged solely under New Jersey statutory law should be dismissed. *See also New England Surfaces v. E.I. Du Pont De Nemours & Co.*, 460 F. Supp. 2d 153, 160-61 (D. Me. 2006) (dismissing state statutory unfair trade practices claim where that state's law was not applicable).

---

[1] Even if the Court finds that the conduct at issue took place everywhere the publications at issue were available, this would suggest that the law of the place of injury be applied, not the law of any arbitrary state of Plaintiffs' choosing. *Id.* at *4 (applying the law of the place of injury to a state trademark dilution claim where the court found that the location of the conduct causing dilution was nationwide).

2

**II.     The New Jersey Counterfeiting Claim Fails on the Merits**

Plaintiffs' New Jersey counterfeiting claim should also be dismissed for the independent reason that it has already been determined to fail on its merits.  Courts apply the same standard to counterfeiting claims under the Lanham Act as to those under the New Jersey statute.  *See, e.g.*, *Axelrod v. Heyburn*, Civ. No. 09-5627, 2010 WL 1816245, at *3 (D.N.J. May 3, 2010) (treating New Jersey statutory claims under same analysis as Lanham Act claims).  As this Court has already dismissed Plaintiffs' Lanham Act counterfeiting claim on the merits, and the Second Circuit has affirmed that determination, the parallel New Jersey claim cannot stand.

## CONCLUSION

Defendants respectfully request that Plaintiffs' New Jersey claims be dismissed with prejudice, and that the Court grant Defendants' such other relief as it deems just.

Respectfully submitted,

s/ Jonathan R. Donnellan
Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax    (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

*Attorneys for Defendants*

Charles L. Babcock, Esq.  (Pro Hac Vice)
Nancy W. Hamilton  (Pro Hac Vice)
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Phone (713) 752-4200
Fax    (713) 752-4221

3

        cbabcock@jw.com
        nhamilton@jw.com

*Attorneys for Defendants Oprah Winfrey, Harpo Productions, Inc., and Harpo, Inc.*

Dated:  August 23, 2013

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 23, 2013, a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

                                                                                    /s/ Jonathan R. Donnellan
                                                                                       Jonathan R. Donnellan