UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC.<br><br>      Plaintiffs,<br><br>v.<br><br>OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, HEARST COMMUNICATIONS, INC., ABC COMPANIES (1-100), and JOHN DOES (1-100)<br><br>      Defendants. | Civil Action No. 11-cv-07875-PAC<br><br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS NEW JERSEY CLAIMS**

Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax     (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

Charles L. Babcock, Esq.  (Pro Hac Vice)
Nancy W. Hamilton  (Pro Hac Vice)
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Phone (713) 752-4200
Fax     (713) 752-4221
cbabcock@jw.com
nhamilton@jw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

ARGUMENT ..........................................................................................................................................1

CONCLUSION ......................................................................................................................................3

# **TABLE OF AUTHORITIES**

**CASES** **Page**

*Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011) ............................................................ 2

*Fugazy Int'l Travel Grp., Inc. v. Fugazy Executive Travel, Inc.*,
    No. 00 CIV. 5927 (LAK), 2001 WL 50936 (S.D.N.Y. Jan. 22, 2001) ............................... 1

*Gerena v. Korb*, 617 F.3d 197 (2d Cir. 2010) ................................................................................ 2

*In re Coudert Bros. LLP*, 673 F.3d 180 (2d Cir. 2012) .................................................................. 2

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,
    800 F. Supp. 2d 515 (S.D.N.Y. 2011) ................................................................................ 2

**STATUTES & RULES**

N.J.S.A. § 56:3-13.16 ...................................................................................................................... 3

## ARGUMENT

Plaintiffs' response to this motion seeks to re-hash the parties' dispute over venue in order to salvage New Jersey statutory claims in this case that has no New Jersey connection and where Plaintiffs themselves argue that the claims are duplicative of their federal claims (not to mention the numerous common law causes of action plead). Plaintiffs offer absolutely no basis for application of New Jersey substantive law. Their New Jersey claims should be dismissed.

Plaintiffs' argument suffers from two independent, but equally dispositive, flaws. First, Plaintiffs seem to believe that Judge Chesler rejected Defendants' claim of improper venue in choosing to transfer the case under 28 U.S.C. § 1404.[1] But Judge Chesler chose not to reach the improper venue argument. (Docket No. 41, Opinion at 4-5) However, for the reasons Defendants argued and those that Judge Chesler cited in making a convenience transfer, venue was improper (as well as inconvenient). (*See* Docket No. 17-1, Br. in Support of Motion to Transfer at 7-8; Docket No. 36, Reply Br. at 2) In short, Plaintiffs' entire claim of venue rests on their claim that some copies of the magazine at issue made their way into New Jersey. Indeed, Plaintiffs concede that they believe venue is proper in every district in the country. (Opp. Br. at 9) This is simply incorrect. *See Fugazy Int'l Travel Grp., Inc. v. Fugazy Executive Travel, Inc.*, No. 00 CIV. 5927 (LAK), 2001 WL 50936, at *1 (S.D.N.Y. Jan. 22, 2001) ("[V]enue in trademark infringement cases often may be laid in a broad range of districts, as infringing material often is broadly disseminated. But that is not necessarily to say that a trademark infringement case may be brought in any district in which allegedly infringing material was

---

[1] Plaintiffs go so far as to suggest that Defendants "presupposed that the District of New Jersey was a proper venue" because Defendants moved under § 1404 (and not §1406). (Opp. Br. at 8-9) This contention is both factually inaccurate and highly misleading as Defendants did move for dismissal or transfer due to improper venue under § 1406, and also moved under § 1404 in the alternative. (Docket No. 41, Opinion at 1)

found.") (citation omitted).  Accordingly, the *Van Dusen* rule, requiring application of the state law that would have applied absent a § 1404 transfer, has no application here.

Moreover, New Jersey substantive law would not apply even if venue were proper in New Jersey; only New Jersey's choice-of-law rules would apply.  *See In re Coudert Bros. LLP*, 673 F.3d 180, 189 (2d Cir. 2012) (explaining that *Van Dusen* concerns choice of law as opposed to substantive law); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (same). Plaintiffs make the non sequitur that New Jersey substantive law must apply simply because they believe New Jersey choice-of-law rules apply here.  (Opp. Br. at 8 (quoting *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010))  But, when read in context, the language from *Gerena* quoted by Plaintiffs clearly concerns selection of choice-of-law rules, not substantive law.  617 F.3d at 204-05 ("[T]he district court failed to consider that New York choice of law might apply, since Judge Sand appears to have granted Yale's motion to transfer the case to Connecticut under 28 U.S.C. § 1404(a), for convenience.") (emphasis added).  Other than this incorrect logical leap, Plaintiffs make no argument as to how New Jersey substantive law could apply under any choice-of-law rules and make no attempt to respond to Defendants' argument.[2]  Instead, Plaintiffs try to side-step this issue by arguing that they could state a claim for trademark infringement under any state's law and that Defendants have not pointed to any conflict.[3]  (Opp. Br. at 9)  But the claims at issue are not common-law claims to which any state's law could apply requiring a "conventional" choice of law analysis – in addition to several such common law claims,

---

[2]   For the claims at issue, New Jersey would apply a substantially similar most-significant-relationship inquiry to the inquiry under New York choice-of-law rules discussed in Defendants' opening brief.  *See Amica Mut. Ins. Co.*, 656 F.3d at 172.

[3]   It is worth noting, however, that unfair competition claims under New York common law require a showing of bad faith in addition to proving a Lanham Act §43(a) claim and are therefore not identical to § 43(a) claims.  *See U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 538 (S.D.N.Y. 2011).

2

Plaintiffs chose to assert specific New Jersey statutory claims (and refused to reconsider that decision both in filing the Amended Complaint and in conferring prior to this motion).  It makes no sense to apply a different state's law to a statute from another state, or as Plaintiffs put it, "to analyze Plaintiffs' [New Jersey statutory] claims under New York law."  (Opp. Br. at 10)  There is simply no way to analyze a New Jersey statute under New York law; it is distinctly an embodiment of New Jersey law.  Having chosen to rely upon particular statutes that clearly do not apply, Plaintiffs should not now be able to recast the claims as entirely different ones.  The claims should be dismissed.[4]

## CONCLUSION

Defendants respectfully request that Plaintiffs' New Jersey claims be dismissed with prejudice, and that the Court grant Defendants' such other relief as it deems just.

Respectfully submitted,

s/ Jonathan R. Donnellan
Jonathan R. Donnellan
Ravi V. Sitwala
Debra S. Weaver
HEARST CORPORATION
300 West 57th Street
New York, New York  10019-3792
Phone (212) 649-2020
Fax    (212) 649-2035
jdonnellan@hearst.com
rsitwala@hearst.com
dweaver@hearst.com

---

[4] Plaintiffs correctly point out that N.J.S.A. § 56.3-13.16 may cover a standard trademark infringement claim and are apparently limiting their claim under that Act to such claim, notwithstanding the language in their Complaint concerning intent to deceive or defraud using copies of their mark.  (Amended Complaint ¶ 163)  Given this representation that Plaintiffs are not invoking the counterfeiting-related portions of the statute, Defendants concede that the dismissal of the federal counterfeiting claim does not mandate dismissal of the New Jersey statutory claim.  Of course, for the reasons explained above, the claim should be dismissed as New Jersey statutory law does not apply here.

*Attorneys for Defendants*

Charles L. Babcock, Esq.  (Pro Hac Vice)
Nancy W. Hamilton  (Pro Hac Vice)
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Phone (713) 752-4200
Fax     (713) 752-4221
cbabcock@jw.com
nhamilton@jw.com

*Attorneys for Defendants Oprah Winfrey, Harpo Productions, Inc., and Harpo, Inc.*

Dated:  September 13, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013, a true and correct copy of the foregoing Reply Memorandum of Law in Support of Defendants' Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

      /s/ Jonathan R. Donnellan
      Jonathan R. Donnellan