UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SIMONE KELLY-BROWN and
OWN YOUR POWER COMMUNICATIONS,
INC.

                        Plaintiffs,

   - against -

OPRAH WINFREY, HARPO PRODUCTIONS,
INC., HARPO, INC., HEARST CORPORATION,
HEARST COMMUNICATIONS, INC., ABC
COMPANIES (1-100), and JOHN DOES (1-100)

                        Defendants.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  December 12, 2013

11 Civ. 07875 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiffs Simone Kelly-Brown and Own Your Power Communications, Inc. ("Plaintiffs") bring this action against defendants Oprah Winfrey, Harpo Productions, Inc., Harpo, Inc., Hearst Corporation, Hearst Communications, Inc., ABC Companies (1-100) and John Does (1-00) (collectively, "Defendants") asserting claims for trademark infringement, reverse confusion, false designation of origin, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*; trafficking in counterfeit marks pursuant to N.J. Stat. § 56:3-13.16; unfair competition pursuant to N.J. Stat. § 56:4-1; common law tortious interference with an economic advantage; and other claims arising from Defendants' alleged unauthorized use of Plaintiffs' "Own Your Power" trademark. Defendants move to dismiss Plaintiffs' state law claims. For the reasons that follow, the Court grants Defendants' motion.

1

## BACKGROUND

The Court assumes familiarity with the facts and prior decisions in this case. Previously, this Court granted Defendants' motion to dismiss Plaintiffs' claims in their entirety. *Kelly-Brown v. Winfrey*, 2012 WL 701262 (S.D.N.Y. Mar. 6, 2012).[1] On appeal, the Second Circuit affirmed in part, but vacated this Court's decision with respect to Plaintiffs' trademark infringement, false designation of origin, and reverse confusion claims. *Kelly-Brown v. Winfrey*, 717 F.3d 295, 315 (2d Cir. 2013). Since the federal claims are valid, the Second Circuit's decision brought Plaintiffs' New Jersey statutory claims back into play. *Id.*

Defendants now move to dismiss Plaintiffs' New Jersey statutory claims: trafficking in counterfeit marks (Count 4) and unfair competition (Count 6) on the grounds that there is no basis for applying New Jersey law to plaintiffs' allegations. Defendants argue that New Jersey is neither the locus where the conduct sought to be regulated took place nor the place of the alleged injury.

## DISCUSSION

In the ordinary case, a court receiving a matter from a transferor court under 1404(a) applies the law of the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964) ("The legislative history of [§] 1404(a) certainly does not justify the rather startling conclusion that one might 'get a change of law as a bonus for a change of venue.'")(internal citation omitted). This is because the transfer is made simply for the convenience of the parties, and it is "presupposed" that the original court had jurisdiction over the action and it was brought in the correct forum. *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007).

---

[1] Plaintiff commenced her case in federal court in New Jersey, but the matter was transferred to New York.

This is not the ordinary case. In this case, not even a New Jersey court would have applied New Jersey law to Plaintiff's complaint. Judge Chesler concluded that "Defendants, in short, have demonstrated that there is simply no connection between Plaintiff's choice of venue – New Jersey – and either the wrongdoing underlying this action or the parties against which they seek recovery." *Kelly-Brown v. Winfrey*, 2011 WL 5325596, at *5 (D.N.J. Nov. 3, 2011). Judge Chesler transferred the case to New York because there were jurisdictional problems in New Jersey; he noted with approval Defendants' contention that promotion of services or products in New Jersey is "insufficient to establish the existence of a contact out of which this suit arises and which could justify the exercise of personal jurisdiction." *Id.*

This Court agrees with the New Jersey court's conclusion. "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313 (1981). Those significant contacts simply do not exist here. Plaintiff Simone Kelly-Brown is a Florida citizen, and her company, Own Your Power Communications, Inc., is a Florida company. Neither plaintiff has connections to New Jersey. Similarly, Defendant Oprah Winfrey is alleged to have multiple residences, but none in New Jersey. Ms. Winfrey allegedly works in Chicago, where her production companies, Defendants Harpo, Inc. and Harpo Productions, Inc., are also located. The two other defendants in this case are Hearst Corporation and Hearst Communications, Inc., which are both located in Manhattan, not New Jersey. New Jersey is not

the situs of any act of wrongdoing, nor the location of any alleged injury.[2] Offending material was distributed in New Jersey, but the same material was distributed in New Mexico and Minnesota (for example). No one suggests that the statutory laws of those two states could govern. Applying New Jersey law here would be unfair and inappropriate. *Allstate Ins. Co.*, 449 U.S. at 310; see also *Home Ins. Co. v. Dick*, 281 U.S. 397 (1930); *John Hancock Mutual Life Ins. Co. v. Yates*, 299 U.S. 178 (1936). Plaintiffs may amend their complaint to include appropriate state law claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted. Plaintiff's New Jersey state law claims are dismissed.

Dated:     December 12, 2013                                    SO ORDERED

           New York, New York

                                                                _____
                                                                PAUL A. CROTTY
                                                                United States District Judge

---

[2] Where parties are domiciled in different states and the locus of the conduct being regulated is in multiple states, courts apply the laws of the state where the injury occurred: generally the state where Plaintiff's principal place of business is located. See, e.g., *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F.Supp.2d 385, 413 (S.D.N.Y. May 31, 2001); *Deere & Co. v. MTD Prods., Inc.*, 2002 WL 1837402, at *3 (S.D.N.Y. Aug. 12, 2002).