# HEARST corporation

*Jonathan R. Donnellan*
*Deputy General Counsel*

Office of
General Counsel

Eve Burton
Senior Vice President
and General Counsel

Jonathan R Donnellan
Mark C Redman
Deputy General
Counsel

Kristina E Findikyan
Larry M Loeb
Kenan J Packman
Peter P Rahbar
Maureen Walsh
Sheehan
Ravi V Sitwala
Jack Spizz
Debra S Weaver
Senior Counsel

Charlotte Burles
Carolene S Eaddy
Bridgette Fitzpatrick
Shari M Goldsmith
Carl G Guida
Audra B Hart
Diego Ibargüen
Siu Y Lin
Alexander N Macleod
Kevin J McCauley
Alexandra McGurk
Jonathan C Mintzer
Aimee Nisbet
Courtenay O'Connor
Shira R Saiger
Eva M Saketkoo
Aryn Sobo
Jennifer G Tancredi
Stephen H Yuhan
Counsel

Catherine A Bostron
Corporate Secretary

February 22, 2014

**VIA ECF**

Judge Paul A. Crotty
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   ***Kelly-Brown v. Winfrey***, 11 Civ. 07875 (PAC) – **Expert Deposition**

Dear Judge Crotty:

     I write on behalf of Defendants in response to Plaintiffs' letter to the Court from last night, which never should have been sent and follows a pattern of discovery abuse by Plaintiffs. In short, Defendants have agreed to the date proposed by Plaintiffs for the deposition of their expert Robert Wallace even though the date offered falls well outside of Plaintiffs' own schedule and gives Defendants only four days after the deposition to serve their responsive report.

     As the Court may recall, the parties could not agree on an expert-discovery schedule. Defendants objected to Plaintiffs ultimate proposal, which gave Defendants less than three weeks to respond to Plaintiffs' reports. Plaintiffs nevertheless chose to wait until after midnight on the date in their own schedule to serve their reports, unilaterally imposing their schedule on Defendants. Plaintiffs then claimed that not a single one of their three designated experts was available during the four-day deposition period specified in their schedule. As to Mr. Wallace, Plaintiffs' main damages expert, Plaintiffs claimed he was not available until March 10, almost two weeks after the deposition period in Plaintiffs' schedule and <u>after</u> Defendants' responsive reports are due. It was only after Defendants pointed out the severe prejudice this would cause that Plaintiffs offered March 3. And then Plaintiffs wrote their letter to the Court two hours after that offer to complain about Defendants' conduct. Defendants have accepted Plaintiffs' date for Mr. Wallace (having little choice), and their proposed dates for the other experts, but Plaintiffs' gamesmanship remains troubling, as does their insistence on burdening the Court unnecessarily.

                        Respectfully submitted,

                          /s/ Jonathan R. Donnellan
                        Jonathan R. Donnellan

cc:   Counsel of Record (via ECF)

*300 West 57 Street*
*New York, NY 10019*
*T  212 649 2051*
*F 646 280 2051*
*Email:jdonnellan@hearst.com*