UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE KELLY-BROWN and OWN YOUR POWER COMMUNICATIONS, INC.,

*Plaintiffs*,

-*against*-

OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, and HEARST COMMUNICATIONS, INC.,

*Defendants*.

11 cv 7875 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Simone Kelly-Brown and her company, Own Your Power Communications, Inc. (collectively, "Plaintiffs"), bring this action against Defendants Oprah Winfrey, Harpo Productions, Inc., Harpo, Inc., Hearst Corporation, and Hearst Communications, Inc. (collectively, "Defendants") asserting claims under §§ 32 and 43 of the Lanham Act,[1] and under common law. Plaintiffs allege Defendants unlawfully used Plaintiffs' "Own Your Power" trademark on the cover of their magazine, at a magazine-related event, on their website and social media accounts, and on their TV show.

Previously, the Court granted Defendants' motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). *Kelly-Brown v. Winfrey*, 2012 WL 701262 (S.D.N.Y. Mar. 6, 2012). On appeal, the Second Circuit affirmed the Court's dismissal of Plaintiffs' vicarious infringement, contributory infringement, and counterfeiting claims, but vacated the Court's order with respect to Plaintiffs' trademark infringement, false designation of origin, and reverse

[1] Section 32 of the Lanham Act deals with trademark infringement and reverse confusion. 15 U.S.C. § 1114. Section 43 of the Lanham Act deals with false designation of origin and unfair competition. 15 U.S.C. § 1125(a).

confusion claims. *Kelly-Brown v. Winfrey*, 717 F.3d 295, 315 (2d Cir. 2013). Essentially, the Second Circuit ruled that Plaintiffs alleged sufficient facts to support a plausible inference that Defendants violated §§ 32 and 43 of the Lanham Act and rejected the Court's finding of fair use. On December 12, 2013, the Court dismissed Plaintiffs' New Jersey statutory claims; only Plaintiffs' Lanham Act and common law claims remain.

Having completed discovery, Defendants now move for summary judgment and Plaintiffs move for partial summary judgment. For the reasons below, Defendants' motion is GRANTED in its entirety and Plaintiffs' motion is DENIED in its entirety.

## BACKGROUND[2]

Plaintiff Simone Kelly-Brown is a motivational speaker, life coach, and business coach who has been using the phrase "Own Your Power" in workshops and seminars since 2004. Kelly-Brown Decl. ¶ 3. She is the CEO of Own Your Power Communications, Inc., which was incorporated in Florida in 2010. *Id.* at ¶¶ 1, 6. On May 27, 2008, the United States Patent and Trademark Office approved Plaintiff Kelly-Brown's service mark:

> The color(s) light blue is/are claimed as a feature of the mark. The mark consists of light blue scripted letters which create the words own your 'power.'

Am. Compl., Ex. A. The service mark is depicted as follows:




*Id.*

[2] The Rule 56.1 Statements of Undisputed Facts submitted by each party in support of their respective motions contain a litany of allegedly "disputed" facts. The Court, therefore, looks beyond these statements and recites the facts as they appear in the record. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (requiring District Courts to look beyond parties' Rule 56.1 statements to ensure that "the citation to evidence in the record supports the assertion" (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003))).

In September 2010, Defendants distributed the October 2010 issue of *O, The Oprah Magazine*. Its cover is predominantly occupied by a full-page picture of Defendant Oprah Winfrey, as well the magazine's trademark stylized "*O*" in the top left corner. Written prominently across the October 2010 issue's cover was the phrase "Own Your Power"—in white, italic font—surrounded by the phrases: "Unlock Your Inner Superstar: Our 4-step plan"; "The 2010 O Power List!: 20 Women Who Are Rocking the World"; "How to Tap Into Your Strength"; "Focus Your Energy"; and "Let Your Best Self Shine," depicted as follows:




Am. Compl., Ex. B.

Besides the use of phrase “Own Your Power” on the October 2010 issue’s cover, Defendants also used the phrase on a promotional page inside the October and December 2010 issues, Kolaras Decl., Ex. Z, and on banners at Defendants’ “first-ever own your power event,” depicted as follows:




*Id.* at Ex. FF. Defendants’ magazine and event were subsequently referred to on an episode of Defendants’ TV show that aired on September 27, 2010, *id.* at Ex. AA, and on affiliated websites and social media accounts, *id.* at Exs. BB, CC.

**<u>DEFENDANTS’ MOTION FOR SUMMARY JUDGMENT</u>**

**I. Legal Standard**

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate when there is “no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Genuine issues of material fact do not exist if, “after adequate time for discovery and upon

motion, [a party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such cases, "Rule 56(c) mandates the entry of summary judgment . . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. In determining whether summary judgment is appropriate, courts must "constru[e] the evidence in the light most favorable to the nonmoving party, . . . 'drawing all inferences and resolving all ambiguities in [their] favor.'" *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005) (quoting *Preseault v. City of Burlington*, 412 F.3d 96, 101 (2d Cir. 2005) (internal citation and quotation marks omitted).

## II. Lanham Act Claims

Plaintiffs argue Defendants' use of the phrase "Own Your Power" amounted to trademark infringement and reverse confusion under § 32 of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin and unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiffs' argument fails for three reasons: (1) the phrase "Own Your Power" is not protected; (2) even if the phrase were protected, there is not a shred of evidence establishing a likelihood of consumer confusion; and (3) even if Plaintiffs were to establish a likelihood of consumer confusion, the fair use defense applies.

### A. The Phrase "Own Your Power" Is Not Protected

Trademark registration creates a rebuttable presumption of the mark's validity and of the owner's exclusive right to use the mark in commerce. *Cartier, Inc. v. Three Sheaves Co., Inc.*,

465 F. Supp. 123, 128 (S.D.N.Y. 1979) ("Registration further creates a rebuttable presumption that the mark is suggestive, arbitrary or fanciful rather than merely descriptive."). Here, Plaintiffs registered a "special form" mark consisting of "light blue scripted letters which create the words Own Your 'Power'" with the following disclaimer: "No claim is made to the exclusive right to use own your power apart from the mark as shown."[3] Sitwala Decl., Ex. GG 34, 38. Plaintiffs' registration is, therefore, limited to its stylized "light blue scripted" use of the phrase "Own Your Power" and Plaintiffs' have no claim over the phrase itself.

Notwithstanding Plaintiffs' registration, Defendants have demonstrated that the phrase lacks the requisite distinctiveness to be entitled to protection. *See Abercrombie & Fitch Co. v. Hunting World Inc.*, 537 F.2d 4, 9 (2d Cir. 1976) ("Arrayed in an ascending order which roughly reflects their eligibility to trademark status and the degree of protection accorded, these classes are (1) generic, (2) descriptive, (3) suggestive, and (4) arbitrary or fanciful."). Clearly, Plaintiffs' use of the phrase "Own Your Power" is not generic, or arbitrary or fanciful; nor is the use suggestive.[4] Instead, Plaintiffs' use of the phrase "Own Your Power" is "descriptive" since it refers to the life/career empowerment services provided by Plaintiffs; these motivational services help clients own their power.[5] Sitwala Decl., Ex. QQ ("[Plaintiffs have] been helping

---

[3] Such a disclaimer was in any event unnecessary as "special form" registration only applies to marks containing stylized words or a design element.

[4] The spectrum of distinctiveness can be described as follows:

> A generic term refers . . . to the genus of which the particular product is a species, e.g., 'Encyclopedia,' and is not entitled to trademark registration or legal protection. A descriptive mark is one which conveys an immediate idea of the ingredients, qualities or characteristics of the goods, e.g., 'World Book' for an encyclopedia . . . . A suggestive mark is one that require[s] imagination, thought and perception to reach a conclusion as to the nature of the goods, e.g., 'Coppertone' for suntan oil. An arbitrary or fanciful mark is one that has no association with the particular product or service, e.g., 'Kodak' for photographic equipment.

*Windsor, Inc. v. Intravco Travel Ctrs., Inc.*, 799 F. Supp. 1513, 1522 (S.D.N.Y. 1992) (internal quotation marks and citations omitted).

[5] Such a classification "can be determined on summary judgment as a matter of law where, as here, there are no material disputed facts relating to the issue." *Kensington Publ'g Corp. v. Gutierrez*, 2009 WL 4277080, at * 3

entrepreneurs transform their passions into the lifestyles they deserve. We'll EMPOWER you to gain clarity on who you truly are and prepare you to embark on a soulful journey leading to a successful and happy life . . . Below are my services that can help you OWN YOUR POWER!"). Since the mark is descriptive, Plaintiffs must establish a secondary meaning in order to have a protectable interest. *See Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 314 (S.D.N.Y. 2012) ("Descriptive marks are not inherently distinctive, and therefore use alone is insufficient to confer a protectable interest in a descriptive mark.").

The existence of a mark's secondary meaning is a "factual determination, proof of which entails vigorous evidentiary requirements." *Id.* at 313 (citation and quotation marks omitted). Here, Plaintiffs—despite voluminous discovery—do not even begin to demonstrate that "the [phrase] and the business have become synonymous in the mind of the public, submerging the primary meaning of the term in favor of its meaning as a word identifying that business." *Time, Inc. v. Petersen Publ'g Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999) (citation and quotation marks omitted). Courts within the Second Circuit look at six factors to establish whether a mark has acquired secondary meaning: (1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and (6) length and exclusivity of the mark's use. *Rockland Exposition, Inc.*, 894 F. Supp. 2d at 315. Applying these factors supports but one conclusion: Plaintiffs' complete failure to establish secondary meaning. In the five-year period from 2009 to 2013, Plaintiffs spent $2,957 on advertising. Sitwala Decl., Ex. LL. Plaintiffs have no consumer studies linking them to the phrase "Own Your Power." *Id.* at Ex. K 226:19-22. Plaintiffs fail to present sufficient evidence of unsolicited media coverage discussing the phrase in connection with their business.

---

(S.D.N.Y. Nov. 10, 2009) (citation omitted). Here, although claiming the phrase "means different things to different people," Plaintiffs do not dispute that they used the phrase on their website to describe their services. Pls.' Counter Rule 56.1 Statement ¶ 18.

*Id.* at 243:4-255:4. Plaintiffs' sales were $966 in 2009, $6,388 in 2010, $5,390 in 2011, $23,130 in 2012, and $30,007 in 2013, *id.* at Ex. LL, and Plaintiffs failed to make a profit between 2010 and 2012, *id.* at Ex. L 163:12-15. Plaintiffs fail to identify any attempts to intentionally copy or plagiarize the phrase.[6] Relatedly, there are multiple instances of other businesses using the phrase "Own Your Power," *see Kelly-Brown*, 717 F.3d at 317 n.7; indeed, Defendant Oprah Winfrey used the phrase more than two decades ago in a commencement speech delivered to Spelman College, Sitwala Decl., Ex. E ¶ 2 ("The speech concluded with this admonition: '. . . Be a queen. Own Your Power. Own your glory. Go forth Spelman, and triumph'" (original emphasis removed)). There is no record evidence that is sufficient to raise a triable question of material fact regarding the phrase's secondary meaning.

Plaintiffs have, therefore, failed to establish that "Own Your Power" is protectable. Consequently, the Court need not consider whether Defendants' use of the phrase is likely to cause confusion. *See Thompson Med. Co. v. Pfizer, Inc.*, 753 F.2d 208, 217 (2d Cir. 1985) ("If the district court rules that [the phrase] has not acquired secondary meaning, the mark cannot be protected and the inquiry properly concludes."). Accordingly, Defendant's motion for summary judgment for the Lanham Act claims is GRANTED.

### B. But Even If The Plaintiffs' Mark Were Protected, Plaintiffs Fail To Demonstrate A Likelihood Of Consumer Confusion

Even if Plaintiffs' mark is entitled to protection, Lanham Act claims require that Plaintiffs prove Defendants' use of the phrase creates a likelihood of confusion. *See Lois*

---

[6] Plaintiffs issued cease and desist notices to other businesses that used the phrase, Sitwala Decl., Ex. KK, but this alone falls short of demonstrating that those businesses were intentionally copying or plagiarizing the phrase. *See ITC Ltd. v. Punchgini, Inc.*, 373 F. Supp. 2d 275, 291 (S.D.N.Y. 2005) ("[I]t would be tautological to conclude that copying alone demonstrates 'secondary meaning' . . . where that copying is only prohibited . . . if the mark has 'secondary meaning'"), *aff'd*, 482 F.3d 135 (2d Cir. 2007).

*Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986) ("[I]n either a claim of trademark infringement under § 32 or a claim of unfair competition under § 43, a prima facie case is made out by showing the use of one's trademark by another in a way that is likely to confuse consumers as to the source of the product"). Based on a consideration of the well-established *Polaroid* factors, Plaintiffs fail to establish a likelihood of confusion. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) ("Where the products are different, the prior owner's chance of success is a function of many variables: [1] the strength of [the mark], [2] the degree of similarity between the two marks, [3] the proximity of the products, [4] the likelihood that the prior owner will bridge the gap, [5] actual confusion, [6] the reciprocal of defendant's good faith in adopting its own mark, [7] the quality of defendant's product, and [8] the sophistication of the buyers."); *see also THOIP v. Walt Disney Co.*, 788 F. Supp. 2d 168, 178 (S.D.N.Y. 2011) (applying the eight *Polaroid* factors to both forward and reverse confusion claims). To be brief, Plaintiffs satisfy none of the *Polaroid* factors.

*(1) Strength of the Mark*

Plaintiffs fail to demonstrate either inherent strength or market-based strength. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 147 (2d Cir. 2003). Plaintiffs' use of the phrase to describe their services, Sitwala Decl., Ex. QQ, renders the phrase inherently weak. *See Virgin Enters.*, 335 F.3d at 147 ("[T]he law accords . . . lesser protection, or no protection at all, to marks consisting of words that identify or describe the goods or their attributes").

Similarly, Plaintiff's low sales and isolated media coverage prior to 2010, Sitwala Decl., Exs. LL, K, do not support a finding of market-based strength. *See Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 123 (2d Cir. 2001) ("In light of its sales to third parties, as well as its low level of commercial success and small advertising budget relative to

market competitors at the relevant time, we agree with the district court that [the plaintiff's] possessed a weak mark."). Plaintiffs' claim of market-based strength is further eroded by the absence of studies demonstrating any link between the phrase and their business in consumers' minds, *see Denimafia Inc. v. New Balance Athletic Shoe, Inc.*, 2014 WL 814532, at *12 (S.D.N.Y. March 3, 2014), and by the common use of the phrase by others, *see Kelly-Brown*, 717 F.3d at 317 n.7 (citing eight recent examples of individuals using the phrase "Own Your Power," unconnected in any way to Plaintiffs' business).

*(2) Similarity of the Marks*

While Plaintiffs and Defendants both use the phrase "Own Your Power," the claimed similarities are reduced when Defendants' use is considered. *See Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1078 (2d Cir. 1993) ("In assessing similarity, courts look to the overall impression created by the logos and the context in which they are found and consider the totality of factors that could cause confusion among prospective purchasers."). Clear visual and contextual differences exist: Plaintiffs' registered mark is in "light blue scripted letters," while Defendants' mark is in white italicized letters. In Defendants' magazine, the phrase is used against a large background image of Defendant Oprah Winfrey. Am. Compl., Ex. B. And in all other uses, Defendants begin the word "Own" using their trademark stylized "*O*," and surround the phrase with colored bubbles containing other power-evoking words. *See, e.g.*, Kolaras Decl., Ex. OO (depicting the phrase surrounded by words such as "The power of . . . living large, one voice, proof, passion, taking a stand, authenticity, command, speaking out, the big picture, make-believe, taking a leap, style, heart, vision"). Accordingly, the parties' respective uses are dissimilar and unlikely to confuse consumers.

*(3) Proximity of the Products*

Since the parties offer fundamentally different services, they are not competitors. Plaintiffs provide small scale/individual life coaching services, while Defendants use various international platforms to send positive messages through their global media empire. The parties do not offer substitute services. *See Denimafia Inc.*, 2014 WL 814532, at *17 ("Put simply, a consumer in the market for running shoes or athletic apparel would not purchase Denimafia's products in lieu of New Balance's, and would not even encounter Denimafia's products where New Balance's running shoes and athletic apparel are sold.").

Even if the parties offered similar services, Defendants' geographic scope (worldwide), market position (highest rated program of its kind in history), and audience appeal (up to 16 million viewers) eliminate any actual competition and decrease any likelihood of confusion. *See* Am. Compl. ¶ 8; *see also Savin Corp v. Savin Grp.*, 391 F.3d 439, 458 (2d Cir. 2004) ("In assessing this factor, the court may consider whether the products differ in content, geographic distribution, market position, and audience appeal." (internal quotation marks and citation omitted)).

*(4) Bridging the Gap*

There is a total lack of evidence suggesting any likelihood of Plaintiffs bridging the gap with Defendants. Plaintiffs' ill-fated ventures into radio and video—occurring after the alleged infringement—pale in comparison to Defendants' business. Though they may aspire to do so, Plaintiffs present no evidence indicating a likelihood of creating a global media presence capable of attracting an audience of millions. *See* Am. Compl. ¶ 8. Plaintiffs' sales in 2009 were $966, Sitwala Decl., Ex. LL, and they failed to make a profit from 2010 to 2012, *id.* at Ex. L 163:12-15.

*(5) Actual Confusion*

Plaintiffs' evidence of actual confusion consists of anecdotal statements from four business associates who emailed Plaintiffs purporting to be confused.[7] *Id.* at Ex. JJ. Though anecdotal evidence showing the "public's belief that the mark's owner sponsored or otherwise approved the use of the trademark" can raise a genuine issue of fact, *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 205 (2d Cir. 1979), Plaintiffs' anecdotal evidence appears to be in response to a "call-me-and-tell-me-you-are-confused" request and two emails can be rejected since they were apparently solicited by Plaintiff Kelly-Brown. *See* Sitwala, Ex. I 31:3-33:17 (Dyana Champan acknowledging that she had spoken to Plaintiff Kelly-Brown about Defendants' use of the phrase two days before emailing purporting to be confused); *see id.* at Ex. J 39:8-18 (Laron Henderson conceding that despite his email, he "knew [Plaintiff Kelly-Brown] wasn't working with Oprah"). The remaining two individuals were already familiar with Plaintiffs' use of the phrase and their emails do not relate to any purchasing decisions.

In contrast, Defendants provide anecdotal evidence with three surveys demonstrating no consumer confusion: the Poret survey, measuring forward confusion,[8] *id.* at Ex. V; the Mazis survey, measuring reverse confusion,[9] *id.* at Ex. T; and the Simonson survey, measuring both forward and reverse confusion, *id.* at Ex. W. Each survey uncovered negligible levels of

---

[7] A fifth associate, Malaika Moran, emailed questioning whether Plaintiff Kelly-Brown was "owning [her] power with Oprah now." Sitwala Decl., Ex. JJ 2. This is insufficient to indicate confusion. *See Gruner*, 991 F.2d at 1079 ("It was proper for the trial court to consider this testimony not as evidence of actual confusion, but rather as showing only queries into the possible relationship between the parties' publications."). A sixth associate, Maxine J. Tulloch, also emailed Plaintiffs, noting that Defendants' use of the phrase reminded her of Plaintiff Kelly-Brown. At no point does Ms. Tulloch indicate she was confused regarding the relationship between Plaintiffs and Defendants.

[8] Forward confusion arises when consumers mistakenly believe that the senior user is the source of the junior user's mark, *i.e.* that consumers think Defendants' copied Plaintiffs' mark.

[9] Reverse confusion arises when the junior user's prevalent use of the senior user's mark convinces consumers that the senior user copied the junior user, *i.e.* that Defendants' widespread use of the phrase convinces consumers that Plaintiffs copied Defendants.

confusion, if any. Plaintiffs quibble about these surveys, but their failure to present their own survey weighs against a finding of confusion. *See Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 387-88 (2d Cir. 2005) (finding no confusion where the plaintiff relied exclusively on anecdotal evidence and failed to present its own consumer survey in response to the defendant's surveys).

*(6) Good Faith*

Even though Plaintiffs had registered their mark prior to Defendants' use, Defendants did not act with bad faith.[10] Had Defendants conducted a trademark search and come across Plaintiffs' registered mark, they would have noted that Plaintiffs' special form mark is limited to the stylized use of the phrase in "light blue scripted font." As noted above, Defendants' use does not resemble Plaintiffs' registered stylized mark. Moreover, any finding of bad faith is negated by Defendants' (and Plaintiffs') primarily descriptive use of the phrase. *See Lang v. Retirement Living Pub. Co., Inc.*, 949 F.2d 576, 583 (2d Cir. 1991) (selecting a mark that, among other things, "reflects the product's characteristics" can support a finding of good faith).

*(7) Remaining Factors*

Neither of the two remaining *Polaroid* factors supports a likelihood of consumer confusion.

Accordingly, even if Plaintiffs' mark is entitled to protection, Plaintiffs fail to make a showing sufficient to establish infringement under the Lanham Act. Since Plaintiffs bear the burden of proving infringement at trial, Defendants' motion for summary judgment is GRANTED.

---

[10] Discovery uncovered an interesting example of how revealing a deleted email can be. Defendant Kelly-Brown emailed Kamili Nilata as follows: "Oprah is going to be my big sis!!! Can't wait!!!! Lol. She keeps using my name. I'm gonna be paid!!!! Anything you want is attainable! Own Your Power, Simone." Sitwala Decl., Ex. O Ex.216A.

**C. But even If Plaintiffs Demonstrate A Likelihood Of Consumer Confusion, The Fair Use Defense Applies**

Even if Plaintiffs demonstrate infringement under the Lanham Act, Defendants' use of the phrase "Own Your Power" is protected by fair use. *See* 15 U.S.C. § 1115(b)(4); *see also Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 268 (2d Cir. 1995) (applying the fair use defense to claims under §§ 32(1) and 43(a) of the Lanham Act). Defendants' use was other than as a mark, in a descriptive sense, and in good faith. *Cf. Kelly-Brown*, 717 F.3d at 308 ("In order to assert a successful fair use defense to a trademark infringement claim, the defendant must prove three elements: that the use was made (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith.").

*(1) Use Other than as a Mark*

Plaintiffs argue Defendants' uses of the phrase "Own Your Power" collectively created a sub-brand using the phrase as a symbol to attract public attention. *See JA Apparel Corp. v. Abboud*, 568 F.3d 390, 400 (2d Cir. 2009). Though the Second Circuit determined that such inferences were plausible as a matter of pleading, *Kelly-Brown*, 717 F.3d at 308-13, Plaintiffs present no evidence supporting their claim, *see id.* at 321 (Sack, J., concurring) ("In order to prevail at summary judgment . . . . [Plaintiffs] must prove, for example, that the Magazine use was indeed part of [Defendants'] plan to develop a line of goods or services under an 'Own Your Power' sub-brand, or that the relevant consumers would be likely, perhaps as a result of repetition, to perceive the phrase on the Magazine '*as a symbol* to attract public attention'" (quoting *JA Apparel*, 568 F.3d at 400)).

Plaintiffs have not demonstrated that all of Defendants' uses of the phrase "Own Your Power," taken together, amount to a plan to create a sub-brand. While Plaintiffs point to

Defendants' multiple uses, the uses are exclusively attributed to Defendants' Own Your Power conference, an isolated event which occurred on September 16, 2010. Shortly after the event, Defendants stopped using the phrase.[11] *See Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30-31 (2d Cir. 1997) (applying the fair use defense where the allegedly infringing mark was only used in a single advertising campaign and did not identify the plaintiff's product in any context). Defendants' use of the phrase itself is also inconsistent, weighing against a finding of intent to create a sub-brand. *Compare* Am. Compl, Ex. B (depicting the phrase in white, italicized, lower-case font), *with* Kolaras Decl., Ex. Z (depicting the phrase in a generic roman, lower-case font), *and id.* at Exs. FF, OO, CC (beginning the word "Own" with Defendants' stylized "*O*" and depicting the word "your" in uppercase font), *and id.* at Ex. E ¶¶ 5-6 (Defendant Oprah Winfrey, advising Serena Williams on-air to "own your own power").

Plaintiffs also fail to demonstrate that each use of the phrase was as a symbol to attract public attention. *See JA Apparel*, 568 F.3d at 402 (requiring an "individualized consideration" of the allegedly infringing uses); *see also Kelly-Brown*, 717 F.3d at 321 (Sack, J., concurring) (recommending that the "somewhat novel" collective use theory be limited to a motion to dismiss analysis). In each instance, Defendants' use of the phrase was accompanied by its own registered marks. *See id.* at 310 ("'[T]he prominent display of the defendant's own trademarks' can contribute to a finding that the defendants were not using a different distinct phrase as a mark" (quoting *Cosmetically Sealed*, 125 F.3d at 30)). Defendants' use of the phrase on the cover of its September 2010 magazine is accompanied by the magazine's trademarked stylized "*O*," and a full-page picture of Defendant Oprah Winfrey. Am. Compl, Ex. B. Likewise, Defendants' uses of the phrase on promotional pages in the September 2010 and October 2010

[11] For its 2011 event, Defendants employed a new phrase: "O, Wow." Kolaras Decl., Ex. 38.

magazine issues are accompanied by references to Defendants' website. Kolaras Decl., Ex. Z. Defendants' uses of the phrase at their event, *id.* at Ex. FF, in their event recap brochure, *id.* at Ex. OO, and on their social media accounts, *id.* at Ex. CC, depict the "O" in "Own" using their trademarked stylized "*O*." And Defendants' use of the phrase on their website is accompanied by Defendants' other logos and images of Defendant Oprah Winfrey. *Id.* at Ex. BB.

Based on Defendants' systematic use of the phrase alongside their own marks, as well the limited nature of the use, Defendants' use of the phrase "Own Your Power" was other than as a mark.

*(2) Use in a Descriptive Sense*

"When the plaintiff chooses a mark with descriptive qualities, . . . '[s]he cannot altogether exclude some kinds of competing uses,' particularly those which use words in their primary descriptive and non-trademark sense." *U.S. Shoe Corp. v. Brown Grp., Inc.*, 740 F. Supp 196, 198 (S.D.N.Y. 1990) (quoting *Abercrombie & Fitch*, 537 F.2d at 12).

"Own Your Power" is a commonly used phrase and courts "more readily find a phrase descriptive when it is in common usage." *See Kelly-Brown*, 717 F.3d at 311. Defendants' expert evidence demonstrates that the phrase has been used since at least 1981 as "a common motivational exhortation to harness or achieve mastery over one's own power." Sitwala Decl., Ex. Z ¶ 4. This evidence is supported by Defendant Oprah Winfrey's own use of the phrase in her 1993 commencement speech at Spelman College, *id.* at Ex. E ¶ 2, as well as numerous recent examples of the phrase's use in the media, *Kelly-Brown*, 717 F.3d at 317 n.7. While Plaintiffs challenge Defendants' expert and note that he describes the phrase's meaning as "complicated stuff," Kolaras Decl., Ex. 4 97:18-22, Plaintiffs fail to present any evidence demonstrating that their use of the phrase is unique or uncommon.

In each instance, Defendants use the phrase to describe their overall message of self-empowerment. On the magazine cover the phrase is used as the headline to describe the issue's theme. Sitwala Decl., Ex. B ¶ 4 ("The [October 2010] Issue was devoted to the theme of power and featured the O Power List"); *see* Am. Compl., Ex. B (the following phrases were also on the cover of the October 2010 issue: "Unlock Your Inner Superstar: Our 4-step plan"; "The 2010 O Power List!: 20 Women Who Are Rocking the World"; "How to Tap Into Your Strength"; "Focus Your Energy"; and "Let Your Best Self Shine"). Similarly, at Defendants' conference, the phrase appears on banners, surrounded by other power/confidence evoking words that are encapsulated by the phrase "Own Your Power." *See e.g.*, Kolaras Decl., Ex. OO (the following words—prefaced by "The Power of . . ."—surrounded the phrase: "living large," "one voice," "proof," "passion," "taking a stand," "authenticity," "command," "speaking out," "the big picture," "make-believe," "taking a leap," "style," "heart," and "vision"). Moreover, Defendant Oprah Winfrey uses the phrase descriptively on her TV show when she advises Serena Williams to "own her own power." Sitwala Decl., Ex. E ¶¶ 5-6.

Accordingly, Defendants demonstrate that "Own Your Power" is a commonly used phrase and was used in a descriptive, non-trademark way.

*(3) Use in Good Faith*

Even though Defendants are charged with knowing Plaintiffs' registered mark, their use of the phrase "Own Your Power" was not in bad faith. *See Arrow Fastener Co., Inc. v. Stanley Works*, 59 F.3d 384, 397 (2d Cir. 1995) ("Prior knowledge of a senior user's trade mark does not necessarily give rise to an inference of bad faith and may be consistent with good faith." (citation omitted)).

Plaintiffs provide no evidence indicating Defendants' intent to generate confusion

regarding the phrase's origin. *See EMI Catalogue P'ship v. Hill, Holiday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 66 (2d Cir. 2000) (equating bad faith with "the subsequent user's intent to trade on the good will of the trademark holder by creating confusion as to source or sponsorship"). Nor do Plaintiffs provide any evidence of Defendants' plan to appropriate the phrase and create their own sub-brand. Instead, Defendants' use of the phrase alongside their own marks, coupled with Plaintiffs' registration of a stylized, special mark that in no way resembles Defendants' use, gives rise to a finding of good faith use.

Accordingly, even if Defendants' use created a likelihood of consumer confusion, Defendants' non-trademark, descriptive, and good faith use is protected by the fair use defense. Since the fair use defense applies, Defendants' motion for summary judgment is GRANTED.

## III. Common Law Claims

Plaintiffs argue Defendants' use of "Own Your Power" amounted to (1) common law misappropriation; (2) common law trademark infringement; (3) common law civil conspiracy; and (4) common law tortious interference with an economic advantage. Though Plaintiffs' amended complaint identified these claims as "federal common law claims," Plaintiffs now insist, by way of a footnote in their opposition to Defendants' motion for summary judgment, that this was a "clerical error" and that the claims arise under New Jersey common law. Pls.' Mem. in Opp. 25 n.17 ("'Federal common law'" in the Complaint was a clerical error, and was intended to be New Jersey Common Law.").

The Court previously dismissed Plaintiffs' New Jersey statutory claims pursuant to Fed. R. Civ. P. 12(b)(6) because "applying New Jersey law here would be unfair and inappropriate." *Kelly-Brown v. Winfrey*, 2013 WL 6574918, at *2 (citing *Allstate Ins. Co. v. Hague*, 449 U.S.

302, 310 (1981)). Accepting Plaintiffs' "clerical error" and treating Plaintiffs' common law claims as New Jersey common law claims, they too fail for the same reasons.

Accordingly, Defendants' motion for summary judgment over Plaintiffs' New Jersey common law claims is GRANTED.

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs move for partial summary judgment over their Lanham Act claims: trademark infringement, pursuant to 15 U.S.C. § 1114; reverse confusion, pursuant to 15 U.S.C. § 1114; and false designation of origin and unfair competition, pursuant to 15 U.S.C. § 1125(a). Since Defendants' motion for summary judgment is granted in its entirety, Plaintiffs' motion for partial summary judgment regarding the Lanham Act must be DENIED.

## CONCLUSION

For the reasons above, Defendants' motion for summary judgment is GRANTED in its entirety and Plaintiffs' motion for partial summary judgment is DENIED in its entirety. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
March 5, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge