USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 03/09/2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SIMONE KELLY-BROWN and OWN YOUR
POWER COMMUNICATIONS, INC.,

        Plaintiffs,     11 **CIVIL** 7875 (PAC)

  -against-         **JUDGMENT**

OPRAH WINFREY, HARPO PRODUCTIONS,
INC., HARPO, INC., HEARST CORPORATION,
and HEARST COMMUNICATIONS, INC.,
        Defendants.
-------------------------------------------------------------X

  Plaintiffs Simone Kelly-Brown and her company, Own Your Power Communications, Inc. (collectively, "Plaintiffs"), having brought this action against Defendants Oprah Winfrey, Harpo Productions, Inc., Harpo, Inc., Hearst Corporation, and Hearst Communications, Inc. (collectively, "Defendants") asserting claims under §§ 32 and 43 of the Lanham Act,[1] and under common law. Plaintiffs allege Defendants unlawfully used Plaintiffs' "Own Your Power" trademark on the cover of their magazine, at a magazine-related event, on their website and social media accounts, and on their TV show. Previously, the Court granted Defendants' motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). (Kelly-Brown v. Winfrey, 2012 WL 701262 (S.D.N.Y. Mar. 6, 2012)). On appeal, the Second Circuit affirmed the Court's dismissal of Plaintiffs' vicarious infringement, contributory infringement, and counterfeiting claims, but vacated the Court's order with respect to Plaintiffs' trademark infringement, false designation of origin, and reverse confusion claims. Essentially, the Second Circuit ruled that Plaintiffs alleged sufficient facts to support a plausible inference that Defendants violated §§ 32 and 43 of the Lanham Act and rejected the

---

[1] Section 32 of the Lanham Act deals with trademark infringement and reverse confusion. 15 U.S.C. § 1114. Section 43 of the Lanham Act deals with false designation of origin and unfair competition. 15 U.S.C. § 1125(a).

Court's finding of fair use. On December 12, 2013, the Court dismissed Plaintiffs' New Jersey statutory claims; only Plaintiffs' Lanham Act and common law claims remain, and whereas Defendants having moved for summary judgment, and Plaintiffs having moved for partial summary judgment over their Lanham Act claims, and the matter having come before the Honorable Paul A. Crotty, United States District Judge, and the Court, on March 5, 2015, having rendered its Opinion & Order (Doc. #208) granting Defendants' motion for summary judgment in its entirety, and denying Plaintiffs' motion for partial summary judgment in its entirety; and directing the Clerk of Court to enter judgment and close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion & Order dated March 5, 2015, Defendants' motion for summary judgment is granted in its entirety and Plaintiffs' motion for summary judgment is denied in its entirety; accordingly, the case is closed.

**Dated:** New York, New York
March 9, 2015

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:** *K. Mango*
_____
**Deputy Clerk**